DOXTADER v SIVERTSEN

Docket No. 117211. Submitted March 7, 1990, at Grand Rapids. Decided May 22, 1990.

Morris Doxtader retained attorney John D. Tallman to bring an action in the Kent Circuit Court against his landlord, Ronald Sivertsen, alleging negligent maintenance of the apartment building where Doxtader lived. Doxtader and Tallman entered into a contingency agreement, with Tallman to receive one-third of the amount recovered in the action. A default judgment was entered against Sivertsen ordering him to pay Doxtader $25,000. Without Tallman's knowledge or consent, Doxtader and Sivertsen agreed to settle the matter for $1,500. A satisfaction of judgment signed by Doxtader was filed in the trial court record. Doxtader then informed Tallman that the suit was dropped and that he was discharged. Tallman, claiming a lien on the judgment, moved to set aside the satisfaction of judgment. The trial court, Stuart Hoffius, J., denied the motion and Tallman's subsequent motion for rehearing. The Court of Appeals dismissed Tallman's appeal from those orders and denied Tallman's motion for rehearing. Tallman then sought leave to appeal to the Supreme Court, which, in lieu of granting leave to appeal, vacated the Court of Appeals dismissal and remanded to the Court of Appeals for plenary consideration. 432 Mich 895 (1989).

The Court of Appeals, on remand, held:

1. Tallman had an enforceable lien on the judgment or settlement entered between Doxtader and Sivertsen.

2. The trial court erred in denying the motion to set aside the satisfaction of judgment because this was essential for Tallman to pursue his claim for fees owed from the settlement amount. The case is reversed and remanded for further proceedings to determine the amount of Tallman's lien.

Reversed and remanded.

REFERENCES

Am Jur 2d, Attorneys at Law §§ 258, 326, 330, 331, 337.

Sufficiency of notice to opposing party (or serving or filing thereof) required to established attorney's lien upon client's claim or cause of action. 85 ALR2d 859.

1. ATTORNEY AND CLIENT — ATTORNEY'S LIEN — COMMON LAW.

   Michigan recognizes a common-law attorney's lien on a judgment or fund resulting from the attorney's services.

2. ATTORNEY AND CLIENT — ATTORNEY'S LIEN — CONTINGENCY FEE AGREEMENTS.

   A contingency fee agreement between a plaintiff and his attorney constitutes a lien on any judgment or settlement and operates as an assignment to the attorney to the extent of the lien; such assignment precludes the plaintiff from discharging the claim to the defendant to the prejudice of the lien, provided that the defendant had notice of the lien.

3. ATTORNEY AND CLIENT — ATTORNEY'S LIEN — THIRD PARTIES.

   An attorney's lien on a judgment or settlement is not enforceable against a third party unless the third party had actual notice of the lien, or unless circumstances known to the third party are such that he should have inquired as to the claims of the attorney; parties have a duty to inquire into the terms of an attorney's lien.

*John D. Tallman,* for plaintiff.

Ronald Sivertsen, in propria persona.

Before: SHEPHERD, P.J., and SULLIVAN and NEFF, JJ.

PER CURIAM.

I

Plaintiff brought an action against defendant, his landlord, alleging negligent maintenance of the apartment building where plaintiff lived.

Plaintiff retained John D. Tallman as his attorney and entered into a contingency agreement with Tallman, agreeing to pay him one-third of the amount recovered in the action against defendant.

A default judgment was entered against defendant due to his failure to plead or otherwise

defend. The default judgment ordered defendant to pay plaintiff $25,000.

Without plaintiff's attorney's knowledge or consent, plaintiff and defendant thereafter allegedly agreed to settle this matter for $1,500. A satisfaction of judgment was signed by plaintiff and filed in the trial court record. Plaintiff thereafter sent Tallman a letter informing him that plaintiff's lawsuit against defendant had been dropped and that Tallman was being discharged as plaintiff's attorney.

Tallman moved to set aside the satisfaction of judgment, arguing that he had a lien on the judgment which had not been discharged by the satisfaction of judgment. Tallman also claimed that plaintiff did not have the authority, without Tallman's consent, to accept any amount in satisfaction of the judgment in prejudice to his attorney's lien. Tallman claimed that he was owed $9,831.31 pursuant to the contingency fee agreement.

A hearing was held on the motion to set aside the satisfaction of judgment. The trial judge denied the motion from the bench, stating that Tallman should proceed to enforce the lien first. Tallman thereafter moved for rehearing, which was also denied. At the rehearing motion, the trial court stated that Tallman's remedy was against his client, not against defendant.

Tallman thereafter filed a claim of appeal with this Court, which was initially denied, subsequently accepted, and thereafter dismissed by order of this Court. A motion for rehearing of this order was also denied. Tallman then sought leave to appeal to our Supreme Court. Our Supreme Court, in lieu of granting leave to appeal, vacated this Court's dismissal and remanded this case for plenary consideration by this Court. *In re Dox-*

*tader v Sivertson* [sic], 432 Mich 895 (1989). We now reverse the order of the trial court denying Tallman's motion to set aside the satisfaction of judgment and remand this case to the trial court for further proceedings consistent with this opinion.

II

Tallman contends that the trial court erred in failing to set aside the satisfaction of judgment to the extent of the attorney's lien. We agree.

This state recognizes a common-law attorney's lien on a judgment or fund resulting from the attorney's services. *Warner v Tarver,* 158 Mich App 593, 597; 405 NW2d 109 (1986), lv den 428 Mich 900 (1987). Thus, there is no dispute that Tallman had a lien on the judgment or settlement entered between the parties. The issue presented here is whether a party may discharge a judgment without the consent of his attorney.

A contingency fee agreement constitutes a lien on any judgment or settlement and operates as an assignment to the plaintiff's attorney to the extent of the lien. This assignment precludes the plaintiff from discharging the claim to the defendant to the prejudice of the lien, provided that the defendant had notice of such lien. *Grand Rapids & I R Co v Cheboygan Circuit Judge,* 161 Mich 181, 189; 126 NW 56 (1910). An attorney's lien is not enforceable against a third party unless the third party had actual notice of the lien, or unless circumstances known to the third party are such that he should have inquired as to the claims of the attorney. *Munro v Munro,* 168 Mich App 138, 141; 424 NW2d 16 (1988).

Here, defendant dealt directly with Tallman in making a settlement offer to pass on to plaintiff. In

an affidavit attached to his brief in opposition to the motion to set aside the satisfaction of judgment, defendant stated that he did not know of the existence of, or terms of, the fee agreement between plaintiff and Tallman prior to entering into the settlement with plaintiff. However, parties have a duty to inquire into the terms of an attorney's lien. *Warner, supra,* p 597; *Miller v DAIIE,* 139 Mich App 565, 569; 362 NW2d 837 (1984).

In order for the attorney to be able to proceed in the original suit to recover his fee under the contingency agreement, the stipulation of settlement must be set aside. *Grand Rapids, supra,* p 191. The plaintiff's attorney should then proceed to recover the amount of the fees. *Grand Rapids, supra.*

After reviewing the record, we are convinced that the trial court erred in denying the motion to set aside the satisfaction of judgment because this was essential for Tallman to pursue his claim for fees owed from the settlement amount. We therefore reverse the trial court's denial of Tallman's motion to set aside the satisfaction of judgment.

III

Tallman also claims that he is owed one-third of the $25,000 default judgment rather than one-third of the settlement amount. However, because the trial court refused to set aside the satisfaction of judgment, no findings were made as to the amount of Tallman's lien. We therefore remand this case to the trial court for further proceedings to determine the amount of Tallman's lien.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.