BENNETT v WEITZ

Docket No. 182832. Submitted September 16, 1996, at Detroit. Decided
November 26, 1996, at 9:35 A.M. Leave to appeal sought.

Cynthia and James Bennett brought an action in the 52-3 District
Court against Mathias Weitz, D.O., and others, alleging and seeking
damages for medical malpractice. A mediation panel issued an
evaluation of $7,500 for the plaintiffs, which all parties rejected. A
jury rendered a verdict of $5,000 for the plaintiffs. Finding the
adjusted verdict of $5,787.40 to be more than ten percent below the
mediation evaluation, the court, Robert L. Shipper, J., ruled that the
plaintiffs were liable to the defendants for mediation sanctions of
$6,389.65 plus interest. The court also granted a motion by the
plaintiffs for reimbursement by the defendants of $1,687.39 in costs
and $1,366.66 in contingent attorney fees. On appeal, the Oakland
Circuit Court, John J. McDonald, J., reversed the award of costs
and attorney fees to the plaintiffs. The plaintiffs appealed by leave
granted.

The Court of Appeals *held*:

1. The plaintiffs' attorney is not entitled to a contingent fee under
the circumstances of this case and MCR 8.121, which governs con-
tingent fees of attorneys in personal injury actions, and there is
nothing upon which to base an attorney's lien on the judgment the
plaintiffs obtained against the defendants. Pursuant to MCR
8.121(C), a contingent fee is computed on the net sum recovered
after deducting from the amount recovered all disbursements prop-
erly chargeable to the enforcement of the claim or prosecution of
the action. In this case, the net sum recovered by the plaintiffs is a
negative amount because the plaintiffs are liable to the defendants
for mediation sanctions under MCR 2.403(O) in an amount that
exceeds the amount awarded to the plaintiffs under the jury's
verdict.

2. In this case, no special equitable circumstances compel a
departure from the American rule regarding attorney fees, under
which each litigant must bear its own litigation expenses.

Affirmed.

1. ATTORNEY AND CLIENT — PERSONAL INJURY ACTION — CONTINGENT FEES —
MEDIATION SANCTIONS.

> The contingent fee of an attorney for a plaintiff in a personal injury action must be computed on the net sum recovered after deducting from the amount recovered all disbursements properly chargeable to the enforcement of the claim or prosecution of the action; mediation sanctions imposed on a plaintiff serve to reduce the amount of the plaintiff's recovery such that no contingent attorney fees are incurred by the plaintiff where the mediation sanctions exceed the award of damages to the plaintiff (MCR 8.121[C], 2.403[O]).

2. ATTORNEY AND CLIENT — ATTORNEY FEES — AMERICAN RULE.

> Private parties who pursue individual remedies through litigation bear the expenses of litigation unless otherwise provided by law or court rule.

*Lakin, Worsham & Victor, P.C.* (by *S. Jay Ahmad*), for the plaintiffs.

*Holahan, Malloy, Maybaugh & Monnich* (by *John R. Monnich* and *William J. Kliffel*), for the defendants.

Before: SAAD, P.J., and CORRIGAN and R. A. BENSON,* JJ.

CORRIGAN, J. In this medical malpractice action involving mediation sanctions, plaintiffs appeal by leave granted the circuit court's reversal of the district court's order granting plaintiffs' motion to compel the distribution of attorney fees and costs. We affirm.

After mediation, the panel issued an evaluation in favor of plaintiffs Cynthia and James Bennett for $7,500, which all parties rejected. The jury later rendered a $5,000 verdict for plaintiffs. Because the adjusted verdict of $5,787.40 was more than ten percent below the mediation evaluation, defendants were entitled to mediation sanctions. The district court

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ruled that plaintiffs owed defendants $6,389.65 in mediation sanctions plus interest.

Plaintiffs then moved for reimbursement from defendants of $1,687.39 in costs and $1,366.66[1] for their attorney's one-third contingency fee. The district court granted plaintiffs' motion and ordered defendants to pay the costs and contingency fee. The circuit court, however, denied plaintiffs' motion, opining that defendants were not bound by the terms of the contingency agreement for attorney fees because they were not parties to the agreement. Plaintiffs appeal.

Plaintiffs assert that their counsel is entitled to the satisfaction of his attorney fees and costs from the judgment before defendants' mediation sanctions are offset because the attorney's lien is enforceable against a third party with actual knowledge of the lien. We disagree.

Michigan recognizes a common-law attorney's lien on a judgment or fund resulting from the attorney's services. *George v Sandor M Gelman, PC*, 201 Mich App 474, 476-477; 506 NW2d 583 (1993); *Doxtader v Sivertsen*, 183 Mich App 812, 815; 455 NW2d 437 (1990). A special or charging lien is an attorney's equitable right to have the fees due for services secured from the judgment in a particular suit. *George, supra* at 476. In accordance with that theory, plaintiffs' counsel would be entitled to a one-third contingency fee from the judgment.

In *Doxtader, supra*, a case cited by both parties regarding a common-law attorney lien, the trial court entered a default judgment against the defendant for

---

[1] This figure represents one-third of the judgment after costs were subtracted (or one-third of $4,100).

$25,000. The plaintiff, without informing his attorney, later entered a satisfaction of judgment agreement for only $1,500. The plaintiff's attorney moved to set aside the satisfaction, arguing that he had a lien on the default judgment. *Doxtader, supra* at 813-814. This Court addressed whether the plaintiff had the right to discharge a judgment without his attorney's consent and decided that the plaintiff could not discharge the claim if it prejudiced the lien. *Id.* at 815. *Doxtader* is distinguishable from the instant case because mediation sanctions were not at issue in *Doxtader*. Also, the *Doxtader* plaintiff was entitled to a $25,000 judgment, whereas in this case, plaintiffs' judgment amounts to a negative number. Further, the *Doxtader* plaintiff attempted to satisfy the judgment without his attorney's knowledge; in this case, plaintiffs' attorney knew that plaintiffs rejected the mediation evaluation.

Also, the action at bar is unlike cases with multiple defendants where one defendant has settled with the plaintiff, and then the verdict at trial is more favorable to another defendant, to whom the court later awards mediation sanctions. Under that circumstance, the plaintiff's counsel is entitled to collect his contingency fee from the settlement, which was separate and apart from the verdict. Moreover, in that instance another defendant had paid the settlement, which is not the situation here.

The current action also does not present facts similar to those in cases where counsel seeks reimbursement of attorney fees from an existing fund. See *Aetna Casualty & Surety Co v Starkey*, 116 Mich App 640; 323 NW2d 325 (1982); *Miles v Krainik*, 16 Mich App 7; 167 NW2d 479 (1969). In this case, no fund

exists from which plaintiffs' counsel may collect his fee.

In contrast with the common-law principles illustrated above, MCR 2.403, the mediation sanctions court rule, provides that the party to whom the verdict was more favorable is entitled to sanctions. Under that rule, defendants are entitled to sanctions against plaintiffs in an amount that exceeds the sum of the verdict. Whether defendants must pay plaintiffs' attorney fees from the judgment before offsetting the mediation sanctions is an issue of first impression and is a question of law subject to review de novo. *McCaw v T & L Operations, Inc*, 217 Mich App 181, 185; 550 NW2d 852 (1996); *Lockhart v 36th Dist Court Judge*, 204 Mich App 684, 688; 516 NW2d 76 (1994).

We must decide whether the court rules regarding attorney fees and mediation sanctions take precedence over a common-law attorney lien.[2] This Court applies the rules of statutory construction when interpreting court rules. *Smith v Henry Ford Hosp*, 219 Mich App 555; 557 NW2d 154 (1996); *Larson v Auto-Owners Ins Co*, 194 Mich App 329, 332; 486 NW2d 128 (1992). When the language of a statute conflicts with the common law, the unambiguous language of the statute takes precedence. *Barker Bros Construction v Bureau of Safety & Regulation*, 212 Mich App 132, 140; 536 NW2d 845 (1995). Also, the Legislature presumably is aware of contrary common-law rules that a statute will abrogate. *Dep't of Treasury v Campbell*, 107 Mich App 561, 568; 309 NW2d 668 (1981). Simi-

---

[2] The common-law right to an attorney's lien is not codified in a statute. *George, supra* at 477.

larly, our Supreme Court presumably is aware of contrary common-law rules when fashioning court rules.

MCR 8.121 governs the contingency fees of attorneys in actions for personal injury. MCR 8.121(B) and (C) provide:

> (B) Maximum Fee. The maximum allowable fee for the claims and actions referred to in subrule (A) is one-third of *the amount recovered.*
>
> (C) Computation. The amount referred to in subrule (B) shall be computed on the *net sum recovered after deducting from the amount recovered all disbursements properly chargeable to the enforcement of the claim* or prosecution of the action. In computing the fee, the costs as taxed and any interest included in or upon the amount of a judgment shall be deemed part of the amount recovered. In the case of a settlement payable in installments, the amount referred to in subrule (B) shall be computed using the present value of the future payments. [Emphasis supplied.]

MCR 8.121 provides that the maximum allowable contingency fee is one-third of "the amount recovered." In this case, plaintiffs will not recover any money as a result of the litigation. Although the jury awarded plaintiffs a $5,000 verdict, plaintiffs owe defendants $6,389.65 in mediation sanctions. Because plaintiffs recovered nothing in the litigation, no "recovery" exists upon which an attorney's lien may attach. The court rule specifies that the fee operates against the *net* recovered amount. The unambiguous language of the court rule takes precedence over the common law upon which plaintiffs rely. *Barker Bros,* *supra.*

MCR 2.403 delimits mediation sanctions and describes a rejecting party's liability for costs. MCR 2.403(O)(1) and (3) provide:

(1) If a party has rejected an evaluation and the action proceeds to trial, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the mediation evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the mediation evaluation.

\*     \*     \*

(3) For the purpose of subrule (O)(1), a verdict must be adjusted by adding to it assessable costs and interest on the amount of the verdict from the filing of the complaint to the date of the mediation evaluation. After this adjustment, the verdict is considered more favorable to a defendant if it is more than 10 percent below the evaluation, and is considered more favorable to the plaintiff if it is more than 10 percent above the evaluation. If the evaluation was zero, a verdict finding that a defendant is not liable to the plaintiff shall be deemed more favorable to the defendant.

This Court construes a court rule in accordance with the ordinary and approved usage of the language, considering the purpose of the court rule. *Larson, supra* at 332. The purpose of MCR 2.403 is to expedite and simplify the final settlement of cases to avoid a trial. *Neal v Neal*, 219 Mich App 490; 557 NW2d 133 (1996). The sanction condition places the burden of litigation costs on the party who demands a trial by rejecting a proposed mediation award. *Id.* Because plaintiffs rejected the mediation award, which necessitated the additional time and expense of trial, plaintiffs should bear the costs of litigation. This Court declines to force defendants to pay plaintiffs' attorney fees, which would impose the additional burden on defendants of attempting to collect a larger amount of mediation sanctions from plaintiffs.

Additionally, we decline to impose a duty upon defendants to pay the contingency fee of plaintiffs' counsel as a matter of policy. Under the traditional "American rule," each side must bear its own litigation expenses, unless the law or court rules specify an exception. *Roan v Murray*, 219 Mich App 562; 556 NW2d 893 (1996); *State Farm Mutual Automobile Ins Co v Allen*, 50 Mich App 71, 74; 212 NW2d 821 (1973). This rule was designed to ensure that private parties who pursue individual remedies bear the expense of litigation under most circumstances. *Roan, supra.* By rejecting the mediation award, plaintiffs and their counsel assumed the risk that the verdict would be lower than the award. Defendants should not be made to pay plaintiffs' attorney fees merely because plaintiffs lost their gamble. No special equitable circumstances exist to support the collection of plaintiffs' contingent attorney fees from defendants.

Affirmed.