# STATE OF MICHIGAN

# COURT OF APPEALS

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

UNPUBLISHED
April 19, 2016

Plaintiff-Appellee,

v

No. 322405
Oakland Circuit Court
LC No. 2013-137905-CZ

ESTHER SUSIN,

Defendant/Cross Defendant-
Appellant,

and

KLEMANSKI & ASSOCIATES, P.C.,

Defendant/Cross Plaintiff-Appellee,

and

THE OFFICE OF FRED MESTER, P.C.,

Defendant-Appellee.

Before: MURRAY, P.J., and STEPHENS and RIORDAN, JJ.

PER CURIAM.

In this interpleader action, defendant Esther Susin, appearing in propria persona, appeals the trial court's entry of a default judgment on plaintiff Farm Bureau's motion to deposit insurance proceeds with the trial court and for related declaratory relief. We affirm.

The instant appeal also involves a cross-claim arising from a charging lien for attorney fees asserted by defendant's former attorney, James Klemanski. Because the cross-claim is not properly before the Court, we remand that matter to the trial court for the necessary proceedings.

## I. BASIC FACTS AND PROCEDURAL HISTORY

The instant appeal is one of three lawsuits arising from the destruction of defendant's house by fire in October 2010, and her subsequent claim of loss filed under her homeowner's policy with plaintiff. Defendant filed a claim of loss with plaintiff for damages. Defendant

-1-

disputed the amount of insurance proceeds paid by plaintiff and exercised her right to an appraisal of the amount of loss in accordance with her policy's provisions. Defendant selected Stewart Shipper of Associated Adjusters, Inc., (Shipper) as her appraiser and plaintiff selected Michael Schwab as its appraiser. Shipper and Schwab selected Peter Strongrich as their neutral umpire. Defendant later replaced Shipper with her brother, John Susin.

Schwab and Strongrich signed an appraisal award resulting in plaintiff's liability to defendant for an additional $33,809.44 in insurance proceeds. At this point, Klemanski, whose attorney-client relationship with defendant terminated before the completion of the appraisal process, asserted a lien on the proceeds up to the amount of his unpaid invoices, and asked to be included as payee on any payments issued to defendant. Plaintiff issued two checks totaling $33,809.44, one payable jointly to defendant and Klemanski & Associates, P.C., and the other payable jointly to defendant and James Klemanski. Upon receipt of the checks, John Susin informed Klemanski that he and defendant intended to appeal what they believed was a flawed appraisal process and instructed him to return the unendorsed checks to plaintiff. In a subsequent e-mail to plaintiff, Klemanski reasserted his interest in the funds and asked plaintiff to interplead the funds because defendant would not endorse the checks.

Plaintiff filed a complaint for interpleader under MCR 3.603, naming defendant Esther Susin and Klemanski as defendants, and Klemanski filed a cross-claim against defendant to recover his fee. When defendant failed to file an answer within 21 days, MCR 2.108(A)(1), a default was entered against her on the ground that she failed to plead or otherwise defend. MCR 2.603(A)(1). Plaintiff notified defendant of the default and filed a motion asking the court to enter a default judgment, MCR 2.603(B)(3), to allow plaintiff to deposit the $33,809.44 in insurance proceeds with the court, and to grant other relief available under MCR 3.603.

Defendant retained counsel to represent her at the hearing on plaintiff's motion for entry of a default judgment. After oral argument, the court granted plaintiff's motion to deposit the insurance proceeds with the court, but took the default judgment portion of plaintiff's motion under advisement.

Defendant's counsel filed a supplemental brief, which the court appears to have treated as a motion to set the default aside. In that brief, defendant argued that extenuating circumstances and plaintiff's actions contributed to the untimeliness of her answer. Substantively she argued that the appraisal process was flawed. She asked the court to set aside the appraisal award, replace plaintiff's appraiser and the umpire, and order a new appraisal. Unpersuaded, the trial court denied defendant any relief, granted plaintiff's motion for entry of the default judgment, affirmed the appraisal award, and granted plaintiff the relief requested pursuant to MCR 3.603. The court did not address the validity of the Klemanski lien. Defendant unsuccessfully moved for reconsideration.

## II. ANALYSIS

### A. JURISDICTION

Plaintiff contends that this Court does not have jurisdiction over defendant's appeal because the order from which defendant appeals is not a final order resolving all of the claims. We disagree.

In a civil case, a "final order" is "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties...." MCR 7.202(6)(a)(i). Defendant identifies the final order as the June 12, 2014 order denying her motion for reconsideration of the court's May 2014 default judgment. However, in "an abundance of caution," she also provided additional orders with her claim of appeal, including a June 4, 2014 order appointing an arbitrator over the fee dispute between Klemanski and defendant. We have held that a circuit court order concluding a case by referring it to arbitration is a final order appealable by right. See *Rooyakker & Sitz, PLLC v Plante & Moran, PLLC*, 276 Mich App 146, 148 n 1; 742 NW2d 409 (2007). In the instant case, the circuit court did not expressly retain jurisdiction when it ordered the cross-claim to arbitration, making it possible to view the June 4th order as disposing of the cross-claim, and thus an order appealable by right. *Id.*[1]

## B. ENTRY OF DEFAULT

Defendant raises a number of issues on appeal, the dispositive one being whether the trial court erred in entering a default judgment against her. Defendant contends that the circumstances surrounding the untimely filing of her answer, the flaws in the appraisal process and resulting invalid appraisal award, and the invalidity of Klemanski's charging lien constitute the good cause and meritorious defense required to set aside the default pursuant to MCR 2.603(D). We disagree.

We review a trial court's decision to enter a default and its decision on a motion to set aside a default judgment for an abuse of discretion. *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 383; 808 NW2d 511 (2011). Unless there has been a clear abuse of discretion, a default judgment will not be set aside. *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 227; 600 NW2d 638 (1999). A trial court has not abused its discretion if its decision results in an outcome within the range of principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

A default entered under MCR 2.603(A)(1) shall be set aside on motion of the defaulted party if the defaulted party shows good cause and a meritorious defense, MCR 2.603(D)(1), or for "[a]ny other reason justifying relief from the operation of law," MCR 2.612(C)(1)(f). While a defendant seeking to set aside a default must show both good cause and a meritorious defense, *Shawl v Spence Bros, Inc*, 280 Mich App 213, 233; 760 NW2d 674 (2008), to prevent a manifest injustice, if defendant's meritorious defense would be absolute if proven, a lesser showing of good cause will be required, *Alken-Ziegler, Inc*, 461 Mich at 226-227.

---

[1] In *Green v Ziegelman*, 282 Mich App 292, 301 n 6; 767 NW2d 600 (2009), we ruled that an order sending a case to arbitration was not final when the case would return to the circuit court for entry of a judgment on the arbitration award. Although the circuit court in the instant case appears to have retained jurisdiction for the same purpose, the court did not expressly retain jurisdiction in its June 4, 2014 order, so it is not clear that our ruling in *Green* applies.

We conclude that the trial court did not abuse its discretion by entering the default judgment against defendant because defendant did not establish that she had a meritorious defense. Defendant bases the first prong of her meritorious defense claim on plaintiff's alleged failure to follow the appraisal procedures outlined in its homeowner's policy and in MCL 500.2833(1)(m). She argues that, because the flawed appraisal process resulted in an invalid award, plaintiff was not entitled to an interpleader action to deposit the entire amount of the funds with the court when the amount was being contested. Defendant does not dispute that the appraisal procedure described in plaintiff's policy comports with MCL 500.2833(1)(m). Resolution of the issue thus requires an interpretation of MCL 500.2833(1)(m).

"The primary goal of statutory interpretation is to ascertain the legislative intent that may reasonably be inferred from the statutory language." *Krohn v Home-Owners Ins Co*, 490 Mich 145, 156; 802 NW2d 281 (2011) (internal quotation marks and citation omitted). "The words of a statute provide 'the most reliable evidence of its intent.' " *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999), quoting *United States v Turkette,* 452 US 576, 593; 101 S Ct 2524; 69 L Ed 2d 246 (1981). "Unless statutorily defined, every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used." *Krohn*, 490 Mich at 156 (citation omitted). "If the plain and ordinary meaning of the language of the statute is clear, judicial construction is inappropriate." *Lakeland Neurocare Ctrs v State Farm Mut Auto Ins*, 250 Mich App 35, 37; 645 NW2d 59 (2002).

MCL 500.2833(1)(m) in pertinent part, provides:

> (1) Each fire insurance policy issued or delivered in this state shall contain the following provisions:

> (m) That if the insured and insurer fail to agree on the actual cash value or amount of the loss, either party may make a written demand that the amount of the loss or the actual cash value be set by appraisal. If either makes a written demand for appraisal, each party shall select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days after receipt of the written demand. The 2 appraisers shall then select a competent, impartial umpire. If the 2 appraisers are unable to agree upon an umpire within 15 days, the insured or insurer may ask a judge of the circuit court for the county in which the loss occurred or in which the property is located to select an umpire. *The appraisers shall then set the amount of the loss and actual cash value as to each item. If the appraisers submit a written report of an agreement to the insurer, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire.* Written agreement signed by any 2 of these 3 shall set the amount of the loss. . . . [Emphasis added.]

In her brief to this Court, defendant claims that the portion of the statute highlighted above obligates appraisers to share their schedule of values with each other, attempt in good faith to agree on the value of each item, and "act together in remitting their differences for determination by the Umpire." Defendant claims that plaintiff's appraiser did not remit his schedule of values to her appraiser, did not confer with her appraiser in an effort to agree on

values, and submitted his values unilaterally to the umpire, resulting in an appraisal award she alleges is invalid, non-binding, and based only on plaintiff's values.

Contrary to defendant's assertion, the statute does not mention a "schedule of values," a requirement that the appraisers "share their schedule of values with each other," or that they "act together in remitting their differences for determination by the Umpire." No language in the statute prohibits the appraisers from meeting together in an attempt to hammer out their differences, but there is also no language requiring them to do so. Apart from setting "the amount of loss and actual cash value as to each item," the statute leaves to the appraisers what procedure they will follow to arrive at an appraisal award. To the extent that defendant's claim of a meritorious defense is based on alleged flaws in the appraisal process, her claim fails.

The second prong of defendant's argument against entry of the default judgment is that plaintiff does not face the risk of multiple liability because the charging lien asserted by her former attorney is invalid. The validity of the charging lien was a question separate from the availability of interpleader to plaintiff.

MCR 3.603(A)(1) governs the availability of interpleader and provides that "[p]ersons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. . . ." MCR 3.603(B)(1) allows a court to "order the property or the amount of money as to which the plaintiff admits liability to be deposited with the court or otherwise preserved, or to be secured by a bond in an amount sufficient to assure payment of the liability admitted." "On hearing, the court may order the plaintiff discharged from liability as to property deposited or secured before determining the rights of the claimants." MCR 3.603(B)(3).

Plaintiff sought to deposit the contested funds with the court after Klemanski asserted a charging lien up to the amount of his unpaid invoices, thus rendering plaintiff potentially liable for the amount claimed. "Michigan recognizes a common-law attorney's charging lien on a judgment or fund resulting from an attorney's services," *Mahesh v Mills*, 237 Mich App 359, 361; 602 NW2d 618, 620 (1999), and such lien is enforceable against a third party who has actual notice of the lien, *Doxtader v Sivertsen*, 183 Mich App 812, 815; 455 NW2d 437 (1990).

Nothing in MCR 3.603 obligated plaintiff to analyze the dispute between defendant and Klemanski and determine whether Klemanski's lien was valid or how much, if anything, he was owed. Because plaintiff was aware of multiple claims to the insurance proceeds it owed defendant, interpleader was available, MCR 3.603(A)(1); plaintiff could deposit the funds with the court to let the court sort out the competing claims, MCR 3.603(B)(1), and thus be discharged from its liability to all of the claimants, MCR 3.603(B)(3). Thus, to the extent that defendant's claim of a meritorious defense rests on the alleged invalidity of Klemanski's lien, her claim fails.

Judicial review of an appraisal award is "limited to instances of bad faith, fraud, misconduct or manifest mistake," *Auto-Owners Ins Co v Allied Adjusters & Appraisers*, 238 Mich App 394, 399; 605 NW2d 685 (1999) (citation and quotation marks omitted), and defendant failed to show that any of these tainted the appraisal award at issue. In addition, both she and Klemanski asserted rights to all or some of the insurance proceeds resulting from the

appraisal. Consequently, the trial court did not abuse its discretion by denying defendant's request to set aside the appraisal award and by granting plaintiff's motion for entry of a default judgment and for interpleader.

Because our resolution of this issue is dispositive, we decline to address defendant's remaining issues, all of which are related to the default judgment issue or are without merit.

We affirm the trial court's entry of a default judgment against defendant on plaintiff's complaint for interpleader, and remand the matter of Klemanski's charging lien to the trial court for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Cynthia Diane Stephens
/s/ Michael J. Riordan