*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID E. CHRISTENSEN, P.L.L.C.,

      Plaintiff-Appellant,

v

PIONEER STATE MUTUAL INSURANCE
COMPANY,

      Defendant/Third-Party Plaintiff-
      Appellee,

and

HURLEY MEDICAL CENTER,

      Third-Party Defendant/Third-Party
      Plaintiff-Appellee,

and

AMELIA WARREN,

      Third-Party Defendant.

UNPUBLISHED
March 4, 2021

No. 351737
Washtenaw Circuit Court
LC No. 19-000330-CZ

Before: GLEICHER, P.J., and K. F. KELLY and RIORDAN, JJ.

GLEICHER, J. (*concurring*).

In this case involving the validity of a law firm's asserted charging lien, I concur with the result reached by the majority for two reasons. An attorney charging lien is an equitable creation intended to do justice when a lawyer is unfairly deprived of compensation for work benefitting a client. Enforcement of an equitable lien requires proof of notice and that the attorney's efforts generated at least a portion of the fund to which the lien applies. Both elements are missing here.

Christensen's client, Amelia Warren, sustained serious injuries in a single-car, roll-over accident. She received treatment at third-party defendant Hurley Hospital. Pioneer insured the vehicle involved in the accident. The vehicle's owner advised Pioneer that the driver had taken

the car without the owner's permission. Pioneer learned that law enforcement personnel were actively investigating whether the car had been stolen. A stolen vehicle would preclude coverage, Pioneer asserted.

After the accident, an attorney employed by plaintiff's firm contacted Pioneer by letter and claimed "a lien on behalf of this office upon any and all settlements and/or judgments resulting from this occurrence." Three months later, Pioneer concluded that it was Warren's insurer of first priority and informed plaintiff in writing of its decision. Pioneer promptly paid Warren's Hurley Hospital bill. According to the attorney's affidavit, a number of hours were spent by law firm personnel in an effort to secure payment of Warren's medical bills. But no lawsuit had been filed before payment was made, nor had plaintiff's office threatened a suit, or negotiated with Pioneer regarding payment.

Before coverage was approved, plaintiff's office had also contacted Hurley's billing department and advised that Pioneer was the primary insurer responsible for payment of Warren's medical bills. The attorney provided Hurley with the claim number, the adjuster's name, and contact information. The law firm did not send Hurley a letter asserting a lien.

Under the American Rule, litigants such as Warren pay their own attorney fees. Unpaid fees may be recovered only through a contract enforcement action. But equitable exceptions to this rule exist. Here, plaintiff asserts that it had an equitable charging lien on the proceeds of Pioneer's payment of medical bills its client incurred at Hurley Hospital.

A charging lien "is an equitable right to have the fees and costs due for services secured out of the judgment or recovery in a particular suit." *George v Sandor M Gelman, PC*, 201 Mich App 474, 476; 506 NW2d 583 (1993). The common-law right to charging lien stems from the notion that an attorney should get paid for services that create a fund benefitting his or her client. "The attorney's charging lien creates a lien on a judgment, settlement, or other money recovered as a result of the attorney's services." *Id*. No Michigan caselaw supports that an equitable charging lien is created against a third party by the mere fact that an attorney performed services on behalf of his or her client. Rather, the law requires a showing that the attorney's work achieved a positive result for the client—in this case, insurance proceeds that otherwise would not have been paid.

A valid charging lien also requires notice. "An attorney's lien is not enforceable against a third party unless the third party had actual notice of the lien, or unless circumstances known to the third party are such that he should have inquired as to the claims of the attorney." *Doxtader v Sivertsen*, 183 Mich App 812, 815; 455 NW2d 437 (1990). Notice allows the parties to formally or informally contest any disputes regarding a claimed lien. It also empowers an attorney to detain delivery of money to a client pending judicial resolution of a contested lien. Notice is particularly important when third parties are potentially on the hook; without it, they are unable to protect themselves from a subsequent lawsuit.

No evidence supports that the law firm's efforts on Warren's behalf convinced Pioneer to pay her medical bills. Rather, the record establishes that Pioneer withheld payment pending a police investigation, and paid promptly once that investigation ended. Second, plaintiff notified Pioneer of a lien contingent on "settlement" or "judgment." There was no judgment. Nor was there a "settlement." A settlement presumes a lawsuit, a threat of a lawsuit, or at a minimum,

negotiations intended to avoid a lawsuit. Settlements are almost always memorialized in writing because they are legally binding agreements. Pioneer had no reason to interpret the term "settlement" to include the voluntary payment made in this case.

In my view, plaintiff failed to establish two requisite ingredients for an equitable lien and on that basis, I concur with the majority.

/s/ Elizabeth L. Gleicher