MORRIS v CITY OF DETROIT

Docket Nos. 119754, 121203. Submitted January 9, 1991, at Detroit. Decided May 7, 1991, at 10:25 A.M. Leave to appeal sought.

Frederick K. Morris, Jr., brought an action in the Wayne Circuit Court against the City of Detroit, alleging violation of the Handicappers' Civil Rights Act. Before trial, he discharged attorney Richard Durant and retained Frederick Jasmer under a contingency fee agreement. The trial court, William J. Giovan, J., entered a judgment consistent with the jury's verdict of $365,000 for the plaintiff. The city appealed. Jasmer filed a responsive brief, but was discharged and replaced by Daniel Hoekenga before oral arguments. The Court of Appeals, SULLIVAN, P.J., and GILLIS and E. C. PENZIEN, JJ., reversed and remanded in an unpublished opinion per curiam, decided March 9, 1987 (Docket No. 70281). The Supreme Court in lieu of granting leave to appeal vacated and remanded to the Court of Appeals for reconsideration, 429 Mich 857 (1987). On remand, the Court of Appeals, SULLIVAN, P.J., and GILLIS and D. F. WALSH, JJ., affirmed in an unpublished opinion per curiam, decided March 17, 1988 (Docket No. 103665). Durant and Jasmer then sought orders regarding their entitlement to attorney fees and for sanctions. The trial court determined that the plaintiff's proffered reasons for discharging Jasmer were spurious, that Jasmer had completed 99⁴⁹⁄₁₀₀ percent of the work required under the contingency fee agreement, and that Jasmer should be paid on a quantum meruit basis the entire one-third contingency fee. The court awarded sanctions against the plaintiff in favor of Jasmer. Because Jasmer had agreed to pay Durant out of the fee he was awarded, Durant was not awarded fees or sanctions. The plaintiff appealed from the awarding of attorney fees and sanctions to Jasmer, and Durant cross appealed from the denial of his request for sanctions. The appeals were consolidated. During the pendency of the action, Morris

REFERENCES

Am Jur 2d, Attorneys at Law §§ 298, 303.

Limitation to quantium meruit recovery, where attorney employed under contingent fee contract is discharged without cause. 92 ALR3d 690.

died and Sandra K. Morris, personal representative of his estate, was substituted as the plaintiff.

The Court of Appeals *held:*

1. The court did not err in finding that Jasmer was discharged without legitimate cause after completing 99⁴⁴⁄₁₀₀ percent of the services contemplated by the agreement. Therefore, the contingency fee agreement no longer provided the basis for his recovery and he was entitled to a reasonable fee on the basis of quantum meruit. The order must be vacated and remanded for entry of an award to Jasmer of 99⁴⁴⁄₁₀₀ percent of the one-third contingency fee.

2. Sanctions were properly imposed against the plaintiff and in favor of Jasmer. Sanctions were properly denied to Durant because his claim for fees was protected and pursued by Jasmer, and he did not incur any necessary expenses.

Affirmed in part, reversed in part, and remanded

1. ATTORNEY AND CLIENT — FEES — CONTINGENCY FEE AGREEMENTS — QUANTUM MERUIT.

A contingency fee agreement does not establish an attorney's fees where the attorney is wrongfully discharged or withdraws with cause before completing all of the services contracted for under the agreement; the attorney is entitled to compensation for the reasonable value of the services rendered on the basis of quantum meruit.

2. ATTORNEY AND CLIENT — FEES — CONTINGENCY FEE AGREEMENTS.

A trial court may take into consideration the fact that an attorney originally agreed to render services on a contingency fee basis in determining a reasonable fee where the attorney is prematurely discharged by the client.

*Hoekenga, Amberg, McNenly, Zuschlag, Firestone & Lee, P.C.* (by *Daniel J. Hoekenga*), for Sandra G. Morris, personal representative of the estate of Frederick K. Morris, Jr., deceased.

*Frederick D. Jasmer, P.C.* (by *Frederick D. Jasmer*), and *Bodman, Longley & Dahling* (by *Joseph A. Sullivan* and *M. Megan Maher*), for Frederick D. Jasmer.

*Durant & Durant, P.C.* (by *Vicki Mackie* and *Richard Durant*), for Richard Durant.

Before: Jansen, P.J., and Wahls and Hood, JJ.

Per Curiam. This is a consolidated appeal. In Docket Number 119754, plaintiff (during the course of the proceedings in this case, the plaintiff, Frederick K. Morris, Jr., died, and Sandra G. Morris, personal representative of the estate of Frederick K. Morris, Jr., deceased, was substituted as plaintiff) appeals as of right an August 4, 1989, order of the circuit court that distributed escrowed attorney fees to appellee Frederick D. Jasmer on a quantum meruit basis. In Docket Number 121203, plaintiff appeals as of right a September 25, 1989, order of the circuit court imposing sanctions against plaintiff upon appellee Jasmer's motion. Richard Durant cross appeals the circuit court's denial of his request for sanctions against plaintiff.

I

These appeals are another chapter in the continuing legal battle between plaintiff, defendant City of Detroit, and plaintiff's prior and current attorneys. In January 1980, plaintiff filed a complaint against his employer, defendant City of Detroit. Plaintiff claimed that the city had harassed him and refused to permit him to work as a result of his physical condition and that these actions violated the Handicappers' Civil Rights Act (HCRA), MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.* Throughout discovery plaintiff was represented by cross appellant Richard Durant. Before trial, however, plaintiff discharged Durant, whose motion to withdraw was granted in November 1984. Shortly before trial was to commence, plaintiff retained appellee Jasmer and signed a contingency fee agreement. Under this agreement, Jasmer was to receive one-third of any net recovery obtained against defendant; in the event that plaintiff did

not prevail, but desired to appeal, Jasmer agreed to prosecute the appeal if expenses were paid and he received an additional five percent of any recovery.

After a five-day trial, a jury returned a verdict awarding plaintiff $365,000 in damages. Defendant city appealed, and Jasmer filed a responsive brief, both parties addressing, in part, aspects of defendant's duty to accommodate. After the parties had filed briefs, the Supreme Court released *Carr v General Motors Corp*, 425 Mich 313; 389 NW2d 686 (1986), which held that a disability related to a person's ability to perform the duties of the job is not a handicap within the meaning of the HCRA.

Just before oral arguments in this Court, plaintiff discharged Jasmer allegedly for (1) Jasmer's failure to file suit against Durant for legal malpractice, (2) Jasmer's attempts to settle plaintiff's case in connection with another case, (3) Jasmer's agreement to enter a stay without plaintiff's consent, and (4) Jasmer's improper handling of the case on appeal. This Court granted Jasmer leave to withdraw and permitted plaintiff's current attorney, Daniel Hoekenga, to argue the case on appeal.

Relying on *Carr,* this Court, in an unpublished opinion per curiam, decided March 9, 1987 (Docket No. 70281), reversed the jury verdict and remanded the case for a new trial on the basis of an erroneous jury instruction addressing the accommodation issue. Plaintiff, through Hoekenga, applied for leave to appeal to the Supreme Court, reasserting Jasmer's argument that the instructional error upon which this Court reversed was not properly preserved for appeal. In lieu of granting leave, the Supreme Court vacated the March 9, 1987, opinion of this Court and remanded the case back to this Court for reconsideration of the issue

whether defendant waived any challenge to the disputed jury instruction. 429 Mich 857 (1987). On remand, this Court, in an unpublished opinion per curiam, decided March 17, 1988 (Docket No. 103665), determined that the issue had been waived, and thus reinstated the jury verdict in favor of plaintiff.

By the time this appellate process was exhausted, the accumulation of interest increased the amount of the verdict award to more than $962,372.25. An escrow account consisting of one-third of the accumulated judgment amount was established upon plaintiff's request while the issue of attorney fees was disputed. Both Durant and Jasmer asserted rights to these fees; however, plaintiff refused to compensate either for any of their services. Rather, plaintiff claimed that his current attorney, Hoekenga, was entitled to the entire one-third pursuant to a contingency agreement entered into in December 1988, but made retroactively effective to January 1987.

Hearings were held on the issues of entitlement to fees and plaintiff's reasons for discharging Durant and Jasmer. On July 6, 1989, the circuit court issued a bench opinion regarding the attorney fee issue. The court concluded that the fee owed to Jasmer and Hoekenga was not necessarily limited to the one-third recovery cap provided in MCR 8.121. The court then concluded that Jasmer's fee would be based on quantum meruit because he was discharged before the occurrence of the contingency. In order to determine the amount to which Jasmer would be entitled, the court analyzed a number of factors, including his efforts, the results he achieved, and the reasons for his discharge.

The court found that Jasmer's efforts, in light of his retention on the eve of trial, were a significant

factor in achieving the jury verdict in plaintiff's favor. The contentious relationship between plaintiff and his superior at work, noted the court, combined with equally plausible views of the evidence, revealed that Jasmer's superior advocacy skills were the primary factor in the substantial verdict for plaintiff. Moreover, the court pointed out that Jasmer was also able to secure a favorable advisory opinion from the jury on the issue whether plaintiff should have been returned to work.

Regarding the reasons for Jasmer's discharge, the circuit court specifically limited its findings to the four bases alleged and testified to by plaintiff during the hearing. The court found that at the time Jasmer was discharged there had been no agreement that he was to initiate a suit against Durant for his alleged deficient discovery. The court further found that, contrary to plaintiff's claim, Jasmer did not agree to a stay in violation of plaintiff's wishes, but that plaintiff had in fact consented to the stay. Regardless, the court noted that the stay produced a highly favorable result, because plaintiff could seek other employment during the stay and, if successful on appeal, would still receive one hundred percent of his salary and benefits during the enforcement of the stay.

Plaintiff also claimed that he discharged Jasmer because he lost the case on appeal. However, the court found that basis to be without merit because Jasmer was fired before the case was decided. Although this Court initially reversed, the circuit court noted that the verdict was reinstated on the basis of an argument raised by Jasmer in his appellate brief. Lastly, the circuit court rejected plaintiff's allegation that Jasmer attempted to settle his case as a "package deal" with another case. The court concluded that plaintiff's proffered

reasons for discharging Jasmer were spurious. The court found that Jasmer completed 99⁴⁴/₁₀₀ percent of the actual work required under his agreement with plaintiff, and awarded him the entire one-third contingency fee. The court concluded that plaintiff was free to compensate Hoekenga in whatever manner he deemed appropriate. The court's order to this effect was entered on August 4, 1989. The circuit court did not address Durant's entitlement to attorney fees because, pursuant to a stipulation, Jasmer agreed to pay Durant out of the fee he was awarded.

Jasmer and Durant then moved for sanctions against plaintiff for his unjustified refusal to compensate them for their services. The circuit court denied Durant's motion because his rights were protected by the stipulation agreement entered into with Jasmer regarding reimbursement of fees. According to the court, Durant did not incur any justifiable postjudgment expenses in connection with the proceedings to recover attorney fees and therefore was not entitled to sanctions. The circuit court did, however, award sanctions against plaintiff in favor of Jasmer after finding that plaintiff's unjustifiable discharge and refusal to compensate Jasmer, coupled with his inability to financially benefit by his refusal given his contingency agreement with Hoekenga, demonstrated that the postjudgment proceedings, brought to deprive Jasmer of an attorney fee, were done solely out of malice.

II

On appeal, plaintiff argues that the circuit court violated MCR 8.121 by, in essence, awarding attorney fees in excess of one-third of his recovery, since Jasmer was awarded the entire contingency fee and plaintiff was still obligated to compensate Hoekenga.

MCR 8.121 provides that if an attorney enters into a contingency fee agreement, the receipt, retention, or sharing of the compensation which is equal to or less than one-third the net amount recovered is deemed fair and reasonable. MCR 8.121(A)-(C). However, in this case, Jasmer, who had entered into such an agreement, was discharged before completing one hundred percent of the services contracted for under the contingency fee agreement. Therefore, the contingency fee agreement no longer operated to determine Jasmer's fee, and Jasmer was entitled to compensation for the reasonable value of his services on the basis of quantum meruit, provided that his discharge was wrongful or his withdrawal was with cause. *Ecclestone, Moffett & Humphrey, PC v Ogne, Jinks, Alberts & Stuart, PC,* 177 Mich App 74, 76; 441 NW2d 7 (1989); *Ambrose v Detroit Edison Co,* 65 Mich App 484, 488-492; 237 NW2d 520 (1975). See also *Law Offices of Stockler, PC v Semaan,* 135 Mich App 545, 549-550; 355 NW2d 271 (1984). On the basis of the record below, we conclude that the trial court's finding that Jasmer was discharged without legitimate cause was not clearly erroneous. Accordingly, we hold that the trial court did not err in determining that Jasmer's contingency fee agreement no longer provided the basis for his recovery, but that he was entitled to a reasonable fee on the basis of quantum meruit.

We recognize that there is no precise formula for assessing the reasonableness of an attorney's fee. Nevertheless, in *Crawley v Schick,* 48 Mich App 728, 737; 211 NW2d 217 (1973), this Court enumerated several nonexclusive factors appropriately considered for such a determination, including:

(1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client.

While the trial court should consider these factors, its decision need not be limited to these guidelines. *Wood v DAIIE,* 413 Mich 573, 588; 321 NW2d 653 (1982); *Smolen v Dahlmann Apartments, Ltd,* 186 Mich App 292, 296; 463 NW2d 261 (1990). We believe that the trial court may also properly consider that the attorney originally agreed to render services on a contingency basis. Such a consideration would allow the court to consider the degree of risk undertaken by an attorney who was prematurely discharged. Accordingly, it would be appropriate for the court to award the attorney a larger fee, provided that the fee was not in excess of that permitted under MCR 8.121. An award of attorney fees will be upheld on appeal unless the trial court's determination of the "reasonableness" issue was an abuse of discretion. *Smolen, supra.*

We have reviewed the trial court's findings in light of the record developed and conclude that the court abused its discretion in awarding Jasmer the *entire* one-third contingency fee. Initially, we note that in doing so the court, in effect, provided Jasmer with a benefit greater than that he had bargained for under the contingency fee agreement and greater than that which he was found to have earned. However, our review of the trial court's findings leads us to conclude that Jasmer was nevertheless entitled to the lion's share of the fee. The record discloses that the trial court carefully considered a variety of factors regarding the quality of Jasmer's representation and the magni-

tude of his success. The court noted that Jasmer filed an appellate brief in which he addressed and argued the ultimate issue upon which this Court reinstated the jury verdict in plaintiff's favor. We are aware that plaintiff's subsequent attorney, Hoekenga, obtained a Supreme Court remand that directed this Court to reconsider the issue upon which it had previously reversed and granted a new trial. However, the remand was not based on a new argument developed and pursued by Hoekenga, but, rather, was based on the argument raised by Jasmer in his original appellate brief. On the basis of the record before us, we conclude that the trial court's finding that Jasmer had completed $99\frac{44}{100}$ percent of the services contemplated by the contingency fee agreement was not clearly erroneous. We find, therefore, that the trial court should have awarded Jasmer $99\frac{44}{100}$ percent of the one-third contingency fee. Accordingly, we vacate the trial court's August 4, 1989, order awarding Jasmer the entire one-third and remand for entry of an award of attorney fees consistent with the trial court's finding.

III

Plaintiff also contends that the circuit court did not have authority to award Jasmer sanctions against him. We disagree.

An attorney of record is required to sign every pleading. MCR 2.114(B). This signature requirement is applicable to all motions, affidavits, and other papers. MCR 2.113(A). MCR 2.114(D) governs the effect of the party's or attorney's signature on such documents:

The signature of an attorney or party . . . constitutes a certification by the signer that (1) he or

she had read the pleading; (2) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the pleading is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and (3) the pleading is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Under MCR 2.114(E) the court is required to impose an appropriate sanction against the party, or the attorney, or both, if a document covered by the rule is signed in violation of the rule. See, e.g., *Ramsey v Pontiac,* 164 Mich App 527, 538; 417 NW2d 489 (1987). This sanction may include an order to pay the opposing party's reasonable expenses and attorney fees incurred. MCR 2.114(E). In addition, the pleading of a frivolous claim or defense will subject the offending party to additional sanctions provided in MCL 600.2591; MSA 27A.2591. MCR 2.114(F); MCR 2.625(A)(2).

Under the circumstances of this case, we conclude that MCR 2.114 authorized the circuit court to award sanctions against plaintiff. The rule imposes an affirmative duty of reasonable inquiry into the validity of the pleadings or other documents signed. *Davids v Davis,* 179 Mich App 72, 89; 445 NW2d 460 (1989). The rule also implicitly requires reasonable inquiry to prevent a pleading or other document from being interposed for an improper purpose, such as to harass or cause unnecessary delay. In this case, the circuit court found that plaintiff's reasons for discharging Jasmer were without merit. In addition, the court noted that plaintiff admitted that he had agreed to the stay. This admission is in direct opposition to plaintiff's sworn affidavit. We have found no clear error in the trial court's findings regarding the

rest of plaintiff's arguments which he claimed supported a denial of attorney fees to Jasmer. We also conclude that the court's finding that plaintiff's objections were malicious was not clearly erroneous. Accordingly, sanctions were properly imposed under MCR 2.114(E), (F) against plaintiff for his opposition to Jasmer's lien.

Regarding cross appellant Durant's argument, we conclude that the trial court properly denied his request for sanctions against plaintiff. Durant's claim to attorney fees against the escrowed contingency fee was protected and pursued by Jasmer through the stipulation in which Jasmer agreed to reimburse Durant from any fee he recovered. Accordingly, Durant did not incur any *necessary* expenses in connection with Jasmer's pursuit of attorney fees against plaintiff. Under the circumstances, Durant was not entitled to sanctions against plaintiff for plaintiff's improper conduct.

IV

In Docket Number 119754, we vacate the circuit court's August 4, 1989, order and remand the case to that court for entry of an award of attorney fees consistent with this opinion.

In Docket Number 121203, we affirm the circuit court's September 25, 1989, order awarding appellee Jasmer sanctions against plaintiff and denying cross appellant Durant's request for sanctions.