**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0196n.06

**Case No. 13-1361**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JEFFREY MICHAEL MOLDOWAN, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Mar 13, 2014 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | |
| CITY OF WARREN, MACOMB COUNTY, | ) | |
| ERIC SMITH, DONALD INGLES, JOHN | ) | ON APPEAL FROM THE UNITED |
| DOE, Warren Police Officers and Macomb | ) | STATES DISTRICT COURT FOR |
| County Prosecutors Office Members, and | ) | THE EASTERN DISTRICT OF |
| MICHAEL GEORGE SCHULTZ, | ) | MICHIGAN |
| | ) | |
| Defendants-Appellees, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GEOFFREY N. FIEGER, | ) | |
| | ) | |
| Interested Party-Appellant. | ) | |

BEFORE:  SILER, COLE, and COOK, Circuit Judges.

COOK, Circuit Judge.  Geoffrey Fieger, the discharged attorney of prevailing plaintiff Michael Moldowan, challenges the district court's exercise of its discretion in awarding attorney fees.  We affirm.

I.

This appeal centers on the court's division of attorney fees between the originating attorney, Dennis Dettmer, and the firm to which he referred this 42 U.S.C. § 1983 claim.  After four-and-a-half years of representation, Dettmer referred Moldowan's case to Fieger, Fieger,

Kenney, Johnson & Giroux, P.C. ("Fieger"), agreeing to the terms set out in a referral letter drafted by Fieger ("Dettmer-Fieger Referral"). The letter stated that Fieger "will substitute in as attorneys . . . and agree to pay a . . . 1/3 referral fee" to Dettmer.

Fieger represented Moldowan for the next two-and-a-half years, until Moldowan decided that he wanted Dettmer to renew his representation. Coinciding with Moldowan's return to Dettmer's counsel, several Fieger attorneys assigned to the case left the firm and shifted to the firm where Dettmer practiced (collectively "Moldowan's current attorneys"). Fieger, seeking payment for its services, asserted lien rights on any recovery from Moldowan's case.

When the case settled for over $3 million, Moldowan's current attorneys moved the district court to determine Fieger's lien interest in the resultant $900,000 attorney fee. Fieger responded by claiming the lion's share of the fee on two alternate bases. First, it insisted that the terms of the referral agreement transferred Dettmer's four-and-a-half years of pre-referral work to Fieger. Alternatively, Fieger argued that the flight of Fieger lawyers to Dettmer's office triggered the "poison pill" remedy under the firm's loyalty agreement, providing a liquidated-damages-type-fee disgorgement.

The district court rejected Fieger's arguments, finding the lien amount unaffected by either the Dettmer-Fieger Referral or the "poison pill." Looking to Michigan's quantum meruit cases, the court awarded Fieger the hours-times-rate fee using its former attorneys' estimates of the number of hours put in on Moldowan's case before leaving Fieger—$63,372 in fees and approximately $12,000 for expenses. On appeal, Fieger presses for a ratio-of-work approach to

2

the quantum meruit award, maintaining that Dettmer's referral relinquished credit for all the pre-referral work he performed to Fieger's side of the ledger.[1]

## II.

We review the district court's distribution of attorney fees for an abuse of discretion. *Dean v. Holiday Inns, Inc.*, 860 F.2d 670, 672 (6th Cir. 1988); *Morris v. City of Detroit*, 472 N.W.2d 43, 48 (Mich. Ct. App. 1991) (per curiam). Only "a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact," will prompt reversal. *Jones v. Ill. Cent. R.R. Co.*, 617 F.3d 843, 850 (6th Cir. 2010) (citation omitted).

Fieger argues that the district court misapplied *Ambrose v. Detroit Edison Co.*, 237 N.W.2d 520 (Mich. Ct. App. 1975), in denying its request for a percentage-based recovery. *Dean v. Holiday Inns, Inc.* addressed *Ambrose*, finding that it "holds that a reasonable hourly rate [in the quantum meruit context] should reflect the number of hours worked, the quality and character of the attorney, the difficulty of representation, and other relevant factors." 860 F.2d at 672. Fieger correctly notes that a federal case from New York mentioned in an *Ambrose* footnote, acknowledges a discharged attorney's "option of taking a fixed dollar amount compensation, . . . or, instead, . . . [a] percentage." *Paolillo v. Am. Export Isbrandtsen Lines, Inc.*, 305 F. Supp. 250, 251 (S.D.N.Y. 1969). Yet, because neither *Ambrose* nor any other Michigan case cited by Fieger adopts this standard, the district court acted within its discretion in denying Fieger this option. *See Ambrose*, 237 N.W.2d at 524 n.1.

---

[1] Fieger also moves for us to strike part of the Appellee's brief relating to Geoffrey Fieger's personal history. Because this information has no bearing on our resolution of this fee dispute, we deny the motion as moot.

Fieger highlights two cases showing that equitable circumstances *may* persuade the court to employ a percentage approach when ordinary fee measurements fall short. *See Bailey v. Nyloncraft, Inc.*, No. 11-14199, 2013 WL 2149144, at *2 (E.D. Mich. May 16, 2013) (finding percentage approach appropriate after weighing the case's facts); *Morris*, 472 N.W.2d at 47–48 (same, awarding attorney over ninety-nine percent of the fee because he completed over ninety-nine percent of the work). But Fieger fails to convince us that the equitable circumstances here compelled the district court to use percentages. Contrary to the firm's suggestion, the Dettmer-Fieger Referral lacks language assigning the value of Dettmer's pre-referral work. It mentions only that Dettmer "agreed to a 1/3 referral fee," signaling that once Fieger successfully concluded its representation, one-third of its contingent fee belonged to Dettmer. Yet, as the district court explained, when Moldowan discharged Fieger in favor of returning to Dettmer, that voided the contract because it could not be performed as agreed. In the absence of a valid contingent-fee agreement, or a basis in the referral letter to require a reading that transferred credit for Dettmer's hours to Fieger, the district court was left with nothing to quantify Fieger's percentage request.

Fieger also asserts that the district court should have held an evidentiary hearing, citing *Petterman v. Haverhill Farms, Inc.*, 335 N.W.2d 710, 711 (Mich. Ct. App. 1983) (per curiam). But *Petterman* speaks only to the importance of an evidentiary hearing when the district court adopts a contested attorney's bill without "inquir[ing] into the services actually rendered." *Id.* at 712. Here, Fieger had multiple opportunities to document its services but neglected to do so. As contingent-fee arrangements typically require no hourly accounting for client billing, the absence

4

of formal billing records should not surprise. Still, the former attorneys submitted affidavits estimating their hours worked, and Fieger offered no competing estimate.

The district court, after reviewing the docket, acted within its discretion in accepting the attorneys' uncontested estimate of hours and adopting the hourly rates provided by Fieger for its former attorneys. We similarly find no abuse of discretion in the district court's excluding a partner's ten hours of work from Fieger's award. Though Fieger included these hours in its initial briefing to the district court, it failed to provide this attorney's rate upon the court's request, effectively abandoning this claim. Fieger cannot now complain when the district court had no opportunity to calculate this fee.

Last, Fieger asks us to "clarify that the district court made no holding as to the enforceability" of its "poison pill" agreement, noting its potential res judicata effect on state-court litigation. We leave interpretation of the court's opinion to interested parties in the appropriate forum.

III.

We AFFIRM.