*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PHILIP JOHNSON and LISA JOHNSON,

        Plaintiffs,

v

MICHIGAN DEPARTMENT OF
CORRECTIONS,

        Defendant,

and

ERNST & MARKO LAW PLC,

        Appellee,

and

RASOR LAW FIRM,

        Appellant.

UNPUBLISHED
April 16, 2019

No. 341436
Wayne Circuit Court
LC No. 15-010804-CD

Before: JANSEN, P.J., and METER and GLEICHER, JJ.

PER CURIAM.

The trial court granted Ernst & Marko Law PLC's motion to extinguish Rasor Law Firm's attorney's charging lien in the underlying civil matter. As this Court has repeatedly held in cases between these parties, Rasor is entitled to its share of the fees earned while attorney Marko was employed at its firm. We vacate and remand for further proceedings consistent with this opinion.

-1-

# I. BACKGROUND

It is undisputed that Philip and Lisa Johnson retained the Rasor firm to represent them in a lawsuit against Philip's employer, the Michigan Department of Corrections. Jonathan R. Marko took the lead in the case. The Johnsons remained Rasor's clients until Marko left to start a new firm, Ernst & Marko. The Johnsons followed their attorney. It is undisputed that Marko's employment agreement with Rasor provided for a base pay plus 25% of the attorney fees earned on Rasor-firm cases he worked on and 40% of the fees earned on any cases he originated and brought to the firm.

After Marko's resignation, Rasor filed an attorney's lien in this matter to secure fees arising from its representation of the Johnsons. The Johnsons subsequently reached a settlement with the MDOC. Following the settlement, Marko filed a motion to extinguish Rasor's lien, arguing that (1) Rasor was not entitled to a lien because it had a legal remedy—and a lawsuit pending—to seek recovery of the claimed fees; (2) even if Rasor were entitled to a lien, Rasor was only entitled to a small amount of attorney fees; and (3) Rasor would owe a portion of the fees Rasor earned to Marko under the terms of his employment agreement. Rasor responded that it was entitled to an attorney's charging lien because it had entered into a retainer agreement with the Johnsons, and specifically sought a one-third contingent fee or other pro-rata division of fees under the agreement.

One week before the hearing on Marko's motion to extinguish the lien, the trial court's law clerk emailed Rasor and inquired, "Is the Rasor Law firm asserting a lien against the Johnson case? If so, how much is the lien and what is the legal analysis?," noted that a different circuit court judge "was handling the Marko v Rasor litigation, #15-016404-CB," and asked whether the current lien question should "be resolved in that litigation." Rasor responded that it was entitled to one-third or an appropriate pro-rata share of the fees. Rasor also attached a statement claiming that Marko had not properly accounted for time spent on this matter while still in its employ, and that Rasor needed time to reconstruct the time records before filing a supplemental exhibit. Rasor's response further asserted entitlement to a quantum meruit fee that could include as much as the entire one-third contingent fee contemplated by the original retainer.

At the hearing on Marko's motion, the trial court twice explicitly stated that Rasor had a valid lien on the proceeds of the settlement in this case. Yet, the court granted Marko's motion to extinguish that valid lien because Rasor had not established entitlement to the entire contingent fee contemplated by the original retainer agreement and had not shown the exact amount of fees it was owed. The failure to establish entitlement to a sum certain (a factual issue) in response to Marko's motion to extinguish the lien on legal grounds was fatal, in the court's estimation. Rasor unsuccessfully requested an evidentiary hearing to determine the proper amount of fees given the trial court's ruling that a contingent fee was not appropriate. And the court denied Rasor's reconsideration motion.

## II. ANALYSIS

We review for an abuse of discretion a trial court's decision "whether to impose an attorney's lien." *Reynolds v Polen*, 222 Mich App 20, 24; 564 NW2d 467 (1997). An attorney's "special or charging lien is an equitable right to have the fees and costs due for services secured out of the judgment or recovery in a particular suit." *George v Sandor M Gelman, PC*, 201 Mich App 474, 476; 506 NW2d 583 (1993). "The attorneys' charging lien creates a lien on a judgment, settlement, or other money recovered as a result of the attorney's services." *Id*. Charging "liens automatically attach to funds or a money judgment recovered through the attorney's services." *Id*. at 477.

Here, there is no actual dispute that Rasor is entitled to a charging lien. The Johnsons were clients of Rasor until Marko left the firm and at least some work was done while the Johnsons were still Rasor's clients. Rasor and Marko dispute how much work was done and by whom while the case was still with Rasor. Because there was an attorney-client relationship between the Johnsons and Rasor during which Rasor provided legal services that ultimately led to a settlement, the trial court properly concluded that an attorney's charging lien, "which automatically attach[es] to funds . . . recovered through the attorney's services," *George*, 201 Mich App at 477, attached to the Johnson's settlement in Rasor's favor.

Marko relies on the proposition that generally "[a]n equitable lien cannot be imposed . . . if the proponent has an adequate remedy at law," *In re Estate of Moukalled*, 269 Mich App 708, 719; 714 NW2d 400, 407 (2006), to argue that Rasor is not entitled to a lien. Marko asserts that because Rasor has already sued Marko in another matter and included claims regarding the division of attorney's fees, Rasor should not be granted a lien in this matter. But as this Court noted in *Hedrick v Dep't of Corrections*, unpublished per curiam opinion of the Court of Appeals, issued December 12, 2017 (Docket No. 335489), another appeal involving Marko and Rasor, the lien secures funds the plaintiffs in the underlying lawsuit (and not Marko) owes Rasor for legal services rendered by Rasor to the plaintiffs. A lawyer's entitlement to attorney fees must arise from a contract. *Plunkett & Cooney, PC v Capitol Bancorp Ltd*, 212 Mich App 325, 329; 536 NW2d 886 (1995). The Johnsons (not Marko) entered into a contract with Rasor under which the Johnsons (not Marko) assumed a contractual obligation to compensate Rasor for its services. A civil suit between Marko and Rasor that does not involve the Johnsons necessarily cannot determine the Johnsons' obligation to Rasor. Moreover, Rasor does not have an adequate remedy at law; it cannot sue the Johnsons for breach of contract as a client has an absolute right to discharge a lawyer for any reason. *Id*. at 330. See *Vorus v Dep't of Corrections*, unpublished per curiam opinion of the Court of Appeals, issued August 21, 2018 (Docket No. 338474), slip op at 4 (addressing this same issue between Marko and Raser).

The trial court erred, however, in ruling that Rasor's otherwise valid lien was rendered invalid by Rasor's failure to establish the exact amount owed. This was not Rasor's motion to *enforce* the lien, but rather Marko's motion to *extinguish* it. Therefore, Rasor was not yet required to prove the amount of fees it was owed. The only reason Rasor had any reason to believe it would need to discuss the amount of the lien at all was an email from the trial court's law clerk (that apparently was delayed in reaching Rasor in the first place). Rasor asserted the amount it believed it was owed and supported that assertion with legal analysis. As discussed below, the trial court did not err in rejecting Rasor's claimed entitlement to one-third of the

-3-

settlement proceeds, but did err in refusing to hold an evidentiary hearing to resolve the dispute over the amount of reasonable fees.

Turning to the issue of the method of calculating the amount of Rasor's lien, " 'an attorney on a contingent fee arrangement who is wrongfully discharged, or who rightfully withdraws, is entitled to compensation for the reasonable value of his services based upon *quantum meruit*, and not the contingent fee contract.' " *Reynolds*, 222 Mich App at 24, quoting *Ambrose v Detroit Edison Co*, 65 Mich App 484, 491; 237 NW2d 520 (1975). "[R]ecovery in such circumstances is based on quantum meruit rather than the amount provided for in a contingent fee agreement because a client has an absolute right to discharge an attorney and is therefore not liable under the contract for exercising that right." *Reynolds*, 222 Mich App at 25. "[Q]uantum meruit is generally determined by simply multiplying the number of hours worked by a reasonable hourly fee." *Id.* at 28.

Rasor, however, contends that the trial court should have followed *Morris v Detroit*, 189 Mich App 271; 472 NW2d 43 (1991), in which this Court held that an attorney fee awarded post-discharge on a quantum-meruit basis in a contingent-fee arrangement can be for an amount greater than simply the hours-times-rate amount. In *Morris*, the trial court found that the discharged attorney had completed 99.44% of the work in the case before being replaced by another attorney; the trial court then awarded the entire contingent fee to the fired lawyer. *Id.* at 277. This Court held that under the circumstances, the trial court properly found that the former attorney was entitled to a larger attorney fee, but that the trial court wrongly awarded him the entire fee. *Id.* at 280. The trial court should have "only" awarded 99.44% of the fee, and so this Court vacated and remanded for entry of a new order. *Id.* Likewise, in *Reynolds*, this Court reversed a trial court's order denying the discharged law firm *any* fee and remanded for consideration of a proper fee under the *Morris* framework where the discharged firm had done all of the work in the case before being discharged almost literally on the eve of trial. *Reynolds*, 222 Mich App at 30-31.

Here, the dividing line between services performed by Rasor and by Marko was not nearly as stark as in *Morris* or *Reynolds*. Marko had performed a significant amount of work after the case went with him to his new firm (indeed, the record suggests that the lion's share of work on this matter occurred after Marko changed employment). Accordingly, the trial court concluded that the standard quantum meruit framework (hours times a reasonable rate) was appropriate for computing Rasor's fee. Given this record, the trial court correctly determined that *Morris* and *Reynolds* did not control here. It did, however, abuse its discretion in denying Rasor *any* fees, particularly given Rasor's request for an evidentiary hearing.

In *Smith v Khouri*, 481 Mich 519; 751 NW2d 472 (2008), the Supreme Court set forth a framework[1] for trial courts to use to determine the "reasonable attorney fee" to be awarded:

> [T]he trial court should begin the process of calculating a reasonable attorney fee by determining factor 3 under MRPC 1.5(a), i.e., the reasonable hourly or daily rate customarily charged in the locality for similar legal services, using reliable surveys or other credible evidence. This number should be multiplied by the reasonable number of hours expended. This will lead to a more objective analysis. After this, the court may consider making adjustments up or down in light of the other factors listed in *Wood* [*v DAIIE*, 413 Mich 573; 321 NW2d 653 (1982)] and MRPC 1.5(a). In order to aid appellate review, the court should briefly indicate its view of each of the factors. [*Smith*, 481 Mich at 522.]

"The fees customarily charged in the locality for similar legal services can be established by testimony or empirical data found in surveys and other reliable reports." *Id*. at 531-532. But anecdotal, subjective testimony is not sufficient. *Id*. at 532. "*Smith* clearly contemplates that the trier of fact must independently review these State Bar surveys and determine what information contained in those surveys is most relevant and helpful to a determination of the market rate for each attorney for whom a reasonable attorney fee is sought." *Adair v Michigan (On Fourth Remand)*, 301 Mich App 547, 559; 836 NW2d 742 (2013). Ultimately, "[t]he fee applicant bears the burden of supporting its claimed hours with evidentiary support." *Smith*, 481 Mich at 532. "If a factual dispute exists over the reasonableness of the hours billed or hourly rate claimed by the fee applicant, the party opposing the fee request is entitled to an evidentiary hearing to challenge the applicant's evidence and to present any countervailing evidence." *Id*.

Here, Rasor was not, strictly speaking, the "fee applicant" at the time the trial court rendered its ruling. Rasor was instead merely defending against Marko's attempt to extinguish what is, in the trial court's own words, Rasor's "obvious" entitlement to a charging lien. There was clearly a dispute over the amount of fees Rasor was entitled to. Moreover, if Rasor is believed, the reason it could not fully establish the number of hours expended on this matter is that Marko failed to properly document his time. In a similar vein, an email from the trial court's law clerk should not have served as a substitute for an evidentiary hearing. The trial court should have held a hearing, especially after Rasor requested one. Because it extinguished Rasor's "obvious," valid charging lien without a hearing, the court abused its discretion.

---

[1] Though *Smith* involved an award of attorney fees as case-evaluation sanctions, this Court and our Supreme Court have since applied it to awards of attorney fees in other situations as well. See, e.g., *Kennedy v Robert Lee Auto Sales*, 313 Mich App 277; 882 NW2d 563 (2015) (Magnuson-Moss Warranty Act and Michigan Consumer Protection Act); *Ford Motor Co v Dep't of Treasury*, 313 Mich App 572; 884 NW2d 587 (2015) (frivolous-action sanctions); *Pirgu v United Servs Auto Ass'n*, 499 Mich 269; 884 NW2d 257 (2016) (no-fault act); *Adair v Michigan (On Fourth Remand)*, 301 Mich App 547; 836 NW2d 742 (2013) (Headlee Amendment). We conclude that it is an appropriate framework for determining the proper fees here.

We vacate the order extinguishing Rasor's attorney's charging lien and remand for a hearing to determine the proper division of the fees owed by the Johnsons. We do not retain jurisdiction.


/s/ Kathleen Jansen
/s/ Patrick M. Meter
/s/ Elizabeth L. Gleicher