**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 05a0090n.06**
**Filed: February 4, 2005**

**No. 03-2519**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re: RANDY WAYNE DOWDING, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| RANDY WAYNE DOWDING, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| Debtor-Appellant, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| v. | ) | |
| | ) | |
| OPEN TERRACE ASSOCIATES, LLC, | ) | |
| | ) | |
| Creditor-Appellee. | ) | |

Before:  NELSON and SUTTON, Circuit Judges; WELLS, District Judge.[*]

SUTTON, Circuit Judge.  Randy Dowding challenges the bankruptcy court's order to lift the automatic stay in his Chapter 11 proceeding and to permit Open Terrace Associates to enforce ownership interests in two properties.  Because Open Terrace was a secured creditor at the time Dowding filed his bankruptcy petition and because Dowding did not redeem the properties post-filing, we affirm.

---

[*]The Honorable Lesley Wells, United States District Judge for the Northern District of Ohio, sitting by designation.

No. 03-2519
*In re Dowding*

I.

This bankruptcy dispute stems from a judgment for $76,715.07 that Open Terrace obtained on August 7, 2000, against Randy Dowding in Michigan state court, due to Dowding's breach of a commercial lease. *See Open Terrace Associates, LLC v. Dowding*, No. 00-05099-CK. On February 16, 2001, pursuant to a writ of execution issued by the Michigan state court in connection with the judgment, Open Terrace levied upon two of Dowding's pieces of property located in Jackson County, Michigan. Open Terrace recorded these notices in March of 2001.

On July 25, 2001, once again pursuant to the writ of execution, Jackson County's Deputy Sheriff sold the properties at auction, both of them to Open Terrace as the high bidder. Open Terrace then recorded the sales with the County on August 16, 2001. According to Michigan law and the recorded sales certificates, the parties agree, the sheriff's sale was to become absolute and Open Terrace was entitled to a deed of conveyance on September 25, 2002, unless the debtor subsequently redeemed the properties. *See* Mich. Comp. Laws § 600.6062.

One day prior to the expiration of the redemption period (on September 24, 2002), Dowding filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. As a result of the filing, Dowding gained a 60-day extended time period to redeem the properties. *See* 11 U.S.C. § 108(b) ("[I]f applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor . . . [may] cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee

may only . . . cure, or perform, as the case may be, before the later of—(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) 60 days after the order for relief.").

Shortly after the additional 60 days elapsed (on November 25, 2002), Open Terrace (on November 27, 2002) filed a motion for relief from the automatic stay, arguing that Dowding no longer maintained an interest in the properties after failing to redeem them during the statutory period. Dowding responded that Open Terrace was an unsecured creditor. The bankruptcy court granted Open Terrace's motion on January 22, 2003. Dowding appealed to the district court, which affirmed on October 4, 2003. He now appeals to us.

II.

The Bankruptcy Code requires a bankruptcy court, "[o]n request of a party in interest and after notice and a hearing," to grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest" or if "the debtor does not have an equity in [the] property." 11 U.S.C. § 362(d)(1)–(2). Applying these principles to this case, the bankruptcy court correctly concluded that Open Terrace would not receive adequate protection without relief from the automatic stay, *see* 11 U.S.C. § 361; and that, at any rate, Dowding's interest in the two properties at issue had been extinguished when he failed to redeem them during the 60-day extended period granted by the filing of his bankruptcy petition, *see* 11 U.S.C. § 108(b); *In re Glenn*, 760 F.2d 1428, 1440 (6th Cir. 1985).

Dowding's arguments to the contrary are unavailing. Dowding first claims that Open Terrace cannot get relief from the automatic stay because it was not a secured creditor. Not so. The Bankruptcy Code defines the term "lien" as a "charge against or interest in property to secure payment of a debt or performance of an obligation," and recognizes a "judicial lien" as a variety of "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36)–(37); *see also* 11 U.S.C. § 506(a) ("An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property."). Open Terrace acquired and recorded its liens against the Jackson County property in March of 2001, thus becoming a secured creditor well before Dowding's bankruptcy filing. *See George v. Sandor M. Gelman, P.C.*, 506 N.W.2d 583, 585 (Mich. Ct. App. 1993).

This analysis also goes a long way to refuting Dowding's second argument. Dowding argues that permitting Open Terrace to enforce its property interests would violate the preference provisions in 11 U.S.C. § 547(b). Also not so. To the extent any property was transferred prior to the petition, that transfer occurred at the time of the liens, over a year before the filing of Dowding's bankruptcy petition. *See, e.g.*, *In re Girard*, 57 B.R. 66, 72 (E.D. Mich. Bankr. 1985) ("[T]he material transfers occurred when the tax liens were recorded, more than 90 days before the debtor's bankruptcy petition was filed."). To the extent Dowding believes that Open Terrace's post-petition enforcement of its property rights counts as a preferential "transfer," he is wrong. Section 547(b) applies only to "transfer[s] of [ ] interest" that a debtor makes "on or within 90 days *before the date of the filing*

of the petition" or, for insider creditors, "between ninety days and one year *before the date of the filing* of the petition."  11 U.S.C. § 547(b) (emphasis added).  On its face, the provision simply has no relevance when a secured creditor enforces its property rights after the filing of the petition.

III.

For these reasons, we affirm.