NOT RECOMMENDED FOR PUBLICATION
File Name: 06a0250n.06
Filed: April 11, 2006

No. 05-1701

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| WILLIAM E. KASBEN and EDWIN J. KASBEN, | ) ) | |
| Plaintiffs-Appellees, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| v. | ) ) | |
| FRED J. DERY, Trustee, | ) ) | OPINION |
| Defendants-Appellants. | ) ) | |

**Before: DAUGHTREY and GILMAN, Circuit Judges; and RUSSELL, District Judge.**[*]

**RONALD LEE GILMAN**, **Circuit Judge.** While divorce proceedings between William

Kasben and his former wife Beryl Wilson Hoffman were pending, Hoffman declared bankruptcy

under Chapter 7 of the Bankruptcy Code. The state trial court's judgment of divorce awarded

Hoffman two farms as part of her marital share. After Kasben was successful in having the division

of property set aside on appeal, the state trial court awarded the two farms to Kasben, but required

him to pay Hoffman $288,000 in lieu of the property. The federal bankruptcy court then set out to

determine the net amount that Hoffman's bankruptcy estate owed Kasben because her estate had in

the interim sold the farms that were ultimately awarded to Kasben.

---

[*]The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting
by designation.

At issue on appeal is whether the costs associated with the sale of both properties should reduce the $288,000 award to Hoffman, or whether these costs should be deducted from the money that Hoffman's estate otherwise owes Kasben. Both the bankruptcy court and the district court held that Hoffman was entitled to receive her divorce award net of the selling costs, so that the costs should be deducted from the money owed to Kasben and not from Hoffman's bankruptcy estate. Also at issue is the allocation of interest and attorney fees, as well as Kasben's request for this court to hold his appeal in abeyance until the state trial court resolves the most recent reversal of its judgment in the divorce action. For the reasons set forth below, we **AFFIRM** the judgment of the district court regarding the allocation of the selling costs, interest, and attorney fees, but **REMAND** the case for any further proceedings that may be necessitated by ongoing state-court rulings in the divorce case.

## II. BACKGROUND

### A.    Allocation of the two farms

The bankruptcy and divorce proceedings that give rise to this appeal have spanned a decade, far longer than the marriage between Kasben and Hoffman. These proceedings are fully detailed in several state and federal court opinions. *See In re Hoffman*, No. 04-CV-75075, slip op. at 1-5 (E.D. Mich. May 11, 2005); *Kasben v. Hoffman*, Nos. 247297, 253201, 254295, 2005 WL 678158 (Mich. Ct. App. Mar. 24, 2005); *In re Hoffman*, No. 03-CV-71279, slip op. at 1-7 (E.D. Mich. Aug. 25, 2003). Appellant Edwin Kasben (Edwin) is Kasben's father and Hoffman's former father-in-

law. The Kasbens both argue that Edwin is the rightful owner of one of the farms at issue in this case.

In November of 1997, Hoffman filed a voluntary petition for bankruptcy under Chapter 7. Divorce proceedings were pending at that time, and a contentious dispute ensued regarding the fate of two pieces of property, one known as the Marital Farm and the other as the Boone Farm. The trustee of Hoffman's bankruptcy estate was initially awarded both pieces of property in a judgment of divorce. Kasben appealed that judgment to the Michigan Court of Appeals.

While the appeal was pending, the bankruptcy court authorized Hoffman's trustee to sell the Marital Farm. The Kasbens, both believing that Edwin was the rightful owner of the property, posted a bond to stay the sale. When Kasben lost the appeal of the sale-authorization order in a previous appeal to this court, the bankruptcy court allowed the trustee to proceed with finding a buyer for the Marital Farm.

A settlement was reached in which the Kasbens bought the Marital Farm, subject to their state-court appeal of the divorce decree. The proceeds from that sale were paid to the trustee out of the Kasbens' previously-posted bond. In addition, the parties agreed to sell Boone Farm to a third party.

In November of 2001, the Michigan Court of Appeals reversed the state trial court and remanded the case for further proceedings regarding the allocation of the Marital and Boone Farms. The state trial court, on remand, voided its original judgment and awarded both farms to Kasben, subject to his obligation to pay Hoffman, and thus the bankruptcy estate, $288,000.

**B.      Bankruptcy court's judgment**

The present appeal is based on a final disbursement by the trustee of the bankruptcy estate in relation to the sales of the Marital and Boone Farms. In November of 2004, the bankruptcy court determined the amount that Hoffman's estate owes Kasben for the sale of the two farms that were later declared by the state court to be Kasben's property. First, the bankruptcy court subtracted the costs associated with the sales of the two farms, insurance expenses, and Hoffman's attorney fees from the gross proceeds. It then subtracted an additional $291,000.00—the amount that it had determined was due Hoffman in the amended judgment of divorce—from the proceeds on the sale of both farms in order to reach the net amount owed by Hoffman to Kasben. (We note that both parties agree that the divorce award was actually $288,000. The bankruptcy court overstated the award by $3,000 and should therefore use $288,000 as the correct amount on remand.)

After subtracting the costs of selling the properties and Hoffman's divorce award from the money Hoffman's estate owes Kasben, the bankruptcy court deducted funds that the bankruptcy trustee has already disbursed to Kasben. It thus concluded that the estate owed Kasben a remaining balance of $12,877.97. The district court, reviewing the bankruptcy court's determination de novo, affirmed the order permitting the final disbursement by the trustee. This timely appeal followed.

**C.     Kasbens' claims of error**

The Kasbens argue on appeal that the bankruptcy court improperly determined the amount that Hoffman's estate owes Kasben. They contend that the court erred as a matter of law in deducting the costs associated with selling the two farms from the money owed. According to the Kasbens, the costs associated with selling the farms should have been deducted from the $288,000 owed to Hoffman. This is especially true, according to the Kasbens, in relation to the Boone Farm,

because neither Hoffman nor the trustee was awarded any interest in this farm pursuant to the amended judgment of divorce. The Kasbens also believe that Edwin is the rightful owner of the Marital Farm, so they argue that Hoffman's estate owes Edwin some of the funds from the final disbursement.

They further ask us to postpone our review of the bankruptcy court's final order of disbursement until the state-court divorce proceedings are complete. Recently, the Michigan Court of Appeals remanded the divorce action back to the state trial court for further consideration of "[t]he amount of credit that Kasben is entitled for the sale of the [M]arital and Boone Farms." *Kasben v. Hoffman*, Nos. 247297, 253201, 254296, 2006 WL 73761, at *3 (Mich. Ct. App. Jan. 12, 2006). Because we agree that the bankruptcy court should consider any alterations made to Hoffman's divorce award in determining the proper final distribution, we will remand this case so that the bankruptcy court can incorporate any future findings by the state court. We will decide on this appeal, however, the narrow question of whether the bankruptcy court erred in subtracting the costs of sale from the money Hoffman owes Kasben instead of from Hoffman's divorce award. In addition, we will review the bankruptcy court's determinations regarding interest and the lien for attorney fees that will not be altered by the state-court divorce proceedings.

## II. ANALYSIS

**A.      Standard of review**

"In a case which comes to us from the bankruptcy court by way of an appeal from a decision of a district court, we review directly the decision of the bankruptcy court." *Brady-Morris v.*

*Schilling*, 303 F.3d 671, 676 (6th Cir. 2002). We give no deference to the district court's decision, but review the bankruptcy court's findings of fact under the clearly erroneous standard. *Id.* "A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been committed." *Simon v. Chase Manhattan Bank*, 250 F.3d 1020, 1027 (6th Cir. 2001) (citation and quotation marks omitted). Conclusions of law made by the bankruptcy court, however, are reviewed de novo. *Brady-Morris*, 303 F.3d at 676.

**B.  Award to Hoffman**

The first issue on appeal is whether the costs of selling the two farms should have been deducted from Hoffman's divorce award and not from Kasben. A bankruptcy estate can have no greater right to property than that held by the debtor prior to bankruptcy. *Foothill Capital Corp. v. Clare's Food Mkt., Inc.*, 113 F.3d 1091, 1099 (9th Cir. 1997). In awarding Hoffman $288,000 *net* of sale expenses, the bankruptcy court deducted the costs of sale from Kasben's residual share. The bankruptcy court held that "the divorce court's clear intent was to award debtor [$288,000], and to do so without any setoff or deduction for sale expenses [because] Kasben consented to the entry of the two court orders authorizing these sales."

State law determines the property rights of a bankruptcy estate. *Corzin v. Fordu*, 201 F.3d 693, 700 (6th Cir. 1999) ("Although the issue of what property is properly included in the debtor's bankruptcy estate raises a federal question, it is well-settled that a debtor's property rights are created and defined by state law."). Because the state trial court ultimately awarded Kasben the two farms, he and his father argue that they are entitled to all of the proceeds from the sales, minus only the

$288,000 allocated to Hoffman. The costs of liquidating the farms, they therefore argue, should be borne by Hoffman's bankruptcy estate.

Unfortunately, the divorce decree did not specify who should bear the cost of selling the two farms. A recent decision by the Michigan Court of Appeals relating to the divorce action in this case, however, supports the conclusion that Hoffman's $288,000 was not intended to be offset by the selling costs. *See Kasben v. Hoffman*, 2005 WL 678158, at *6, *11 (upholding the trial court's decision to award Hoffman enough money to restore her to her premarital financial condition). The Michigan Court of Appeals has also upheld sanctions against Kasben, based on Hoffman's testimony that he had threatened to drive her into bankruptcy and because "what should have been a relatively straightforward divorce proceeding has taken nine years and is not yet complete." *Kasben*, 2006 WL 73761, at *3.

Kasben contends, however, that the bankruptcy trustee assumed the risks associated with selling the farms when he "proceeded with his efforts to sell the farms based on the original judgment of divorce even though it was on appeal to the Michigan Court of Appeals." The Kasbens argue that because their farms should never have been sold, "they should not be forced to bear the expense of the sales which the trustee took the risk of conducting."

This argument was rejected by the bankruptcy court based on the fact that the Kasbens consented to entry of the July 16, 2000 and June 19, 2001 settlement orders granting the trustee's motion to sell the properties. According to both the bankruptcy court and the district court, Kasben's consent to the sale of both pieces of property shifted the assumption of the selling costs to him. Under this theory, the owner of property that is voluntarily sold is responsible for the associated costs. The

Kasbens dispute this reasoning. They argue that their consent to the sales, which was granted before Kasben was declared the rightful owner of both properties, was entered without prejudice to their appeal of the divorce decree, or to their ability to offset the selling costs against any award to Hoffman. The relevant language in the bankruptcy court's settlement order for the sale of Boone Farm, consented to by both parties, reads as follows:

> In the event the State of Michigan Court of Appeals renders a decision in favor of Kasben ruling that the Boone Farm should not have been awarded to the Debtor and the Bankruptcy Estate, the parties shall not be precluded from making any arguments in the Divorce Action as to the credit or set off of any amount realized in the sale of the Boone farm by the Trustee to any subsequent property award to the Debtor by the Divorce Court, irrespective of this agreement.

Contrary to the Kasbens' argument, however, the settlement order does not undermine the bankruptcy court's holding that, by consenting to the sale of both farms, Kasben assumed the costs associated with their sale. All the above-quoted provision does is allow both parties to seek a set off "in the Divorce Action" on any "subsequent property awards" granted by the divorce court in the event that the Boone Farm was declared the property of Kasben. The divorce court, however, has not changed its determination that Hoffman should be awarded a cash settlement of $288,000. Because awarding Hoffman the $288,000 without any deduction would more precisely fulfill the judgment of divorce, and because Kasben consented to the sale of both properties, we hold that the bankruptcy court did not err in deducting the costs associated with the sales from the amount that the Hoffman estate otherwise owes Kasben.

**C.     Bond posted by the Kasbens**

- 8 -

The Kasbens further argue that, even accepting the bankruptcy court's allocating a net of $288,000 to Hoffman from the farm sales, the bankruptcy court clearly erred in not accounting for $15,247.59 of interest received by the trustee on the funds deposited by Kasben during the course of the proceedings. In their brief, the Kasbens acknowledge that the trustee returned $6,133.34 of that interest, but they claim that $9,144.25 of interest remains. The Kasbens, however, do not articulate any reason why they should be awarded all of the interest on the $350,000 that they posted, especially in light of the fact that the bankruptcy court denied their motion to return the bond. We therefore hold that the bankruptcy court's determination on this issue is not clearly erroneous. *See Simon*, 250 F.3d at 1027 (defining clear error as "a definite and firm conviction that a mistake has been committed") (citation and quotation marks omitted).

In addition, the Kasbens cite no cases for the proposition that they did not forfeit a $10,000 deposit paid to the trustee that allowed them to bid on the Boone Farm. The fact that the Kasbens did not close on this sale increased the trustee's costs of liquidating the property. As a result, we find that the bankruptcy court did not commit clear error in considering this deposit forfeited to the estate. *See id.*

**D.     Attorney lien**

The final issue on appeal is whether the bankruptcy court properly allowed the Rossi Law Firm*,* which represented Hoffman during the divorce proceedings, a lien on the proceeds from the sale of the Marital Farm. Kasben argues that the Rossi Firm's lien was not properly perfected, but we find this claim to be without merit. Michigan law provides for equitable attorney liens that are automatically considered perfected. *George v. Gelman*, 506 N.W.2d 583, 584 (Mich. Ct. App. 1993)

(holding that the "special or charging lien is an equitable right to have the fees and costs due for services secured out of the judgment or recovery in a particular suit"). As the district court in this case explained, the Rossi Firm lien became secured and perfected when the divorce court granted Hoffman her award of $288,000.

The Kasbens also claim that the attorney lien, under Michigan law, cannot be placed upon the sale of their property. An attorney's charging lien is placed on judgments awarded to a client. *Id.* at 585. Hoffman, through the assistance of the Rossi Firm, received a $288,000 judgment in her favor. Because the Rossi Firm's fees were deducted from the proceeds of the sale of the farms—instead of from the $288,000 award to Hoffman—the charging lien appears at first glance to have been placed on Kasben's property. Kasben, however, was not a client of the Rossi Firm, so this type of equitable lien cannot be placed directly on his property.

We conclude that the Kasbens' argument fails upon further analysis. Throughout the divorce proceedings, the state court has continually awarded Hoffman her attorney fees. *Kasben*, 2005 WL 678158, at *9. Because Kasben has not yet paid these fees, the bankruptcy court properly considered the award to Hoffman in the judgment of divorce to include not only the $288,000, but also the money to pay her attorneys. The bankruptcy court was therefore not placing a lien on property that belonged to Kasben, but on the proceeds from the sale of the properties that would be distributed to both parties. We therefore hold that the bankruptcy court did not err when it deducted the Rossi Firm's fees from the sale proceeds of the Marital Farm.

### III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court regarding the allocation of the selling costs, interest, and attorney fees, but **REMAND** the case for any further proceedings that may be necessitated by ongoing state-court rulings in the divorce case.