# STATE OF MICHIGAN

# COURT OF APPEALS

---

MICHELE MAYER, formerly known as
MICHELE GREGERSON,

      Plaintiff-Appellant,

v

STEVEN GLEN GREGERSON,

      Defendant,

and

TRISH OLESKA HAAS,

      Petitioner-Appellee.

UNPUBLISHED
June 26, 2018

No. 336850
Oakland Circuit Court
Family Division
LC No. 2005-710435-DO

---

Before: BECKERING, P.J., and M. J. KELLY and O'BRIEN, JJ.

PER CURIAM.

Plaintiff, Michele Mayer, appeals as of right the order of the trial court granting the petition of lawyer, Trish Haas, for payment of attorney fees. For the reasons stated in this opinion, we affirm in part and reverse in part.

## I. BASIC FACTS

This case arises out of a 2006 consent judgment of divorce. Following the divorce, Mayer and her ex-husband continued to litigate issues regarding spousal support. Throughout the proceedings, Mayer hired a number of lawyers and, at times, represented herself in propria persona. Relevant to this appeal, in February 2016, Mayer retained Haas to represent her on a spousal-support issue. In October 2016, the trial court entered a stipulated order terminating Mayer's ex-husband's spousal support obligation. As part of that order, Mayer's ex-husband's lawyer, Susan Lichterman, sent Haas a check for $35,888.24 that was made payable to Haas and Mayer. Mayer refused to sign the check, and she began disputing Haas's attorney fees, including the hourly rate and the number of hours billed for services performed by Haas's legal assistant, Lori Buss. As a result, Haas petitioned the trial court for payment of her attorney fees, including fees incurred for work performed by her legal assistant.

-1-

An evidentiary hearing was held to determine whether the requested attorney fees were reasonable. Both Haas and Mayer testified at the hearing and presented documentary evidence in support of their arguments. The trial court determined that Haas's fees were reasonable, with the exception of the legal fees incurred in connection with her petition for attorney fees. The court, therefore, awarded Haas $22,907.91 in attorney fees and costs.

## II. CHARGING LIEN

### A. STANDARD OF REVIEW

Mayer first argues that the trial court erred by failing to address whether Haas could impose an "attorney's lien" on the escrow check. "Whether a lien is authorized in a particular case is a question of law" that we review de novo. *Ypsilanti Charter Twp v Kircher*, 281 Mich App 251, 281; 761 NW2d 761 (2008).

### B. ANALYSIS

A "charging lien 'creates a lien on a judgment, settlement, or other money recovered as a result of the attorney's services.' " *Souden v Souden*, 303 Mich App 406, 411; 844 NW2d 151 (2013), quoting *George v Sandor M Gelman, PC*, 201 Mich App 474, 476; 506 NW2d 583 (1993). "While not codified in a statute, the existence of a common-law attorneys' charging lien is recognized in Michigan." *George*, 201 Mich App at 477 (citation omitted). In addition, attorney charging "liens automatically attach to funds or a money judgment recovered through the attorney's services." *Id*. Here, the attorney-fee agreement signed by Mayer included a provision permitting Haas to place "an attorney's lien on any and all money, property or real property recovered or received by the client to the extent allowed by Michigan Law, for such outstanding amount/balance that is due and payable to HASS & ASSOCIATIONS, PLLC." At the time of the evidentiary hearing, there was an outstanding balance on Mayer's account.[1] Thus, as noted in *Souden*, Michigan law permitted Haas to place a lien on the check, i.e., the money recovered as a result of Haas's services.

## III. REASONABLENESS OF ATTORNEY FEES

### A. STANDARD OF REVIEW

Mayer next argues that the trial court abused its discretion by determining that Haas's requested attorney fees were reasonable. "This Court reviews a trial court's award of attorney fees and costs for an abuse of discretion." *Souden*, 303 Mich App at 414. "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Pirgu v United Services Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016).

---

[1] On appeal, Mayer contends that the outstanding balance was "zero." She does not direct us to any supporting evidence in the lower court record. We do note that Mayer did not believe she should pay the final balance because it was unreasonable; however, just because Mayer was disputing the reasonableness of the fees did not mean that there was not an outstanding balance.

## B. ANALYSIS

"An attorney-client relationship must be established by contract before an attorney is entitled to payment for services rendered." *Plunkett & Cooney, PC v Capitol Bancorp Ltd*, 212 Mich App 325, 329; 536 NW2d 886 (1995). "An attorney is entitled to recover fees for services rendered under the agreement, even if the agreement is later terminated. However, such fees must be reasonable." *Souden*, 303 Mich App at 415 (citation omitted). "[T]he burden of proving the reasonableness of the requested fees rests with the party requesting them." *Smith v Khouri*, 481 Mich 519, 528-529; 751 NW2d 472 (2008) (opinion by TAYLOR, C.J.) (citation omitted). Further, the party requesting attorney fees must also "show both that the attorney fees were incurred and that they were reasonable." *Souden*, 303 Mich App at 415.

The first step begins with establishing a baseline figure, which is computed by multiplying the reasonable hourly fee by the "reasonable number of hours expended in the case." *Pirgu*, 499 Mich at 281. After determining the baseline figure, the trial court should only then apply the reasonableness factors. *Id*. If multiple lawyers work on a case the trial court "should be careful to perform a separate analysis with reference to" each attorney, "considering both the hourly rate and the number of hours reasonably expended, and should consider whether it was reasonable" to have multiple lawyers " 'on the clock' during the trial." *Smith*, 481 Mich at 534. Here, the billing statements submitted by Haas include charges for services performed by Haas, which were billed at $300 per hour, and charges for services performed by Haas's legal assistant, Buss, which were billed at $135 per hour. Mayer challenged the reasonableness of the fees, both for services performed by Haas and for services performed by her legal assistant.

With regard to the charges for services performed by Haas, Mayer concedes that $300 per hour is a reasonable fee for the locality. However, she suggests that the number of hours expended was clearly excessive. In support, she directs us to billing statements generated by her ex-husband's lawyer for proceedings earlier in case. Mayer contends that, over a similar period of time, the fees generated by her ex-husband's lawyer were less than the fees generated by Haas. However, like the trial court, we do not find that information to be relevant. The fact that attorney fees generated by a different lawyer in different proceedings were lower over a similar timeframe does not account for the individualized proceedings that Haas had to respond to as Mayer's lawyer.[2]

In addition, we find no merit in Mayer's argument that the billing statements do not indicate that Haas spent time reviewing the "extensive" history of the case. Mayer makes much of the fact that "review of extensive history" was not mentioned on the billing statements; however, our review of the bills shows that Haas did, in fact, review the case. Moreover, at the evidentiary hearing, Haas testified that her review needed to be particularly thorough in light of the fact that Mayer had previously been sanctioned for bringing a frivolous claim.

---

[2] In the proceedings before the trial court, Mayer did not directly challenge the hours expended by Haas for any particular charge. On appeal, she briefly contends that Haas billed for more than four hours' time for attendance at a hearing that only last about 21 minutes. However, given that this argument was not raised before the trial court, we decline to consider it now.

Mayer next contends that the trial court erred by finding the attorney fees reasonable in light of the results obtained. She contends that Haas improperly rejected a settlement offer without consulting her, and that, had the settlement offer been accepted, she would have received a more favorable settlement. Mayer, however, did not argue before the trial court that her lawyer failed to properly communicate a settlement offer. Further, the trial court did not err by finding the results obtained were favorable to Mayer, given that she was awarded a sizable sum of money.

We note that the trial court provided a detailed analysis of the "reasonableness" factors set forth in MRPC 1.5(a) and in *Wood v Detroit Automobile Inter-Ins Exch*, 413 Mich 573; 321 NW2d 653 (1982). The court stated that, based on its review of those factors, it would not adjust the baseline rate either up or down. See *Smith*, 481 Mich at 522. On appeal, Mayer does not challenge its findings on any of those factors, and we see no abuse of discretion in its application of those factors with regard to the attorney fees generated by Haas.

We next address the trial court's findings as they pertained to Haas's legal assistant. At the outset, we note that under MCR 2.626, "[a]n award of attorney fees may include an award for the time and labor of any legal assistant who contributed nonclerical legal support under the supervision of an attorney, provided the legal assistant meets the criteria set forth in Article 1, § 6 of the Bylaws of the State Bar of Michigan." That Bylaw provides:

> *Any person currently employed* or retained by a lawyer, law office, governmental agency or other entity engaged in the practice of law, *in a capacity or function which involves the performance under the direction and supervision of an attorney of specifically-delegated substantive legal work, which work, for the most part, requires a sufficient knowledge of legal concepts such that, absent that legal assistant, the attorney would perform the task, and which work is not primarily clerical or secretarial in nature*, and:
>
> (a) who has graduated from an ABA approved program of study for legal assistance and has a baccalaureate degree; or
>
> (b) has received a baccalaureate degree in any field, plus not less than two years of in-house training as a legal assistant; or
>
> (c) who has received an associate degree in the legal assistant field, plus not less than two years of in-house training as a legal assistant; or
>
> (d) who has received an associate degree in any field and who has graduated from an ABA approved program of study for legal assistants, plus not less than two years of in-house training as a legal assistant; or
>
> (e) who has a minimum of four (4) years of in-house training as a legal assistant;
>
> may upon submitting proof thereof at the time of application and annually thereafter become a Legal Assistant Affiliate Member of the State Bar of Michigan. [Bylaws of the State Bar of Michigan, Art I, § 6.]

Here, Haas presented evidence that her legal assistant met the requirements set forth in Article I, § 6(a)-(e). However, she did not set forth evidence that *all* the work performed by her legal assistant was "nonclerical," MCR 2.626, or rather work "which involves the performance under the direction and supervision of an attorney of specifically-delegated substantive legal work, which work, for the most part, requires a sufficient knowledge of legal concepts such that, absent that legal assistant, the attorney would perform the task, and which work is not primarily clerical or secretarial in nature." Bylaws for the State Bar of Michigan, Art I, § 6. As a result, Haas has failed to establish that *all* of the services provided by her legal assistant were recoverable as attorney fees under MCR 2.626.

A cursory examination of the billing statements reflect that the services performed by Haas's legal assistant included clerical services. For example, on February 18, 2016, Haas's legal assistant billed 0.20 hours for printing and saving documents from Mayer. Then, on February 22, 2016, she billed 0.40 hours for printing and saving to the electronic file documents received from Mayer. On March 17, 2016, she billed 0.20 hours for scanning and saving a motion received from opposing counsel and then e-mailed a copy of the scanned documents to Mayer. On March 23, 2016, Haas's legal assistant billed 0.10 hours for faxing an order to opposing counsel for a signature, and on March 28, 2016, she billed 0.10 hours for scanning and saving to the electronic file a copy of an order.[3] The charges for April 2016, May 2016, June 2016, July 2016, and August 2016 also reflect charges for printing and saving information to the electronic file and for faxing and copying information. Although we recognize that these clerical tasks had to be done, the court rules do not allow for an attorney fee award to include fees generated by a legal assistant who, rather than doing legal work under the supervision of a lawyer, is performing run-of-the-mill clerical work. Because the trial court failed to consider the clerical, rather than legal nature, of some of the services performed by Haas's legal assistant, the trial court abused its discretion to the extent that it found all the hours performed by Haas's legal assistant were reasonably expended.

Next, in the proceedings before the trial court, Mayer expressly argued that hours spent by Haas's legal assistant at hearings were excessive and unnecessary. At the evidentiary hearing, she testified that she did not find Haas's legal assistant to "be an attribute," and she testified that the legal assistant was basically there to "keep [Mayer] company." The billing statements indicate that Haas's legal assistant spent 18 hours attending hearings. Although this testimony was unrebutted, the trial court did not address it in its opinion. Still, given that the unrebutted evidence was that her presence there was just to keep Mayer company, to the extent that the trial court found those hours were expenses reasonably incurred, the court abused its discretion.

---

[3] On appeal, Mayer contends that by billing in 0.10 hour increments for services performed by her legal assistant, Haas breached the fee agreement. However, Mayer did not bring a separate action for breach of contract. Further, she does not argue that the services were not actually performed. Thus, as it pertains to the reasonableness of the attorney fees sought, the mere fact that the hours expended were not billed in conformity to the contract is irrelevant to a determination of whether the fees sought are reasonable.

Finally, Mayer argued before the trial court that $135 per hour was not a reasonable hourly rate for Haas's legal assistant.[4] In making that determination, the court relied on its December 28, 2015 decision awarding attorney fees and costs for proceedings undertaken earlier in the case. In the December 28, 2015 order, the court found that it was reasonable for a legal assistant to receive up to $175 per hour for work performed in connection with the case. On appeal, Mayer cursorily references her earlier challenge to the reasonableness of a $135 per hour rate. However, "it is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). Accordingly, as this issue has been abandoned on appeal, we decline to address it further.

## IV. CONCLUSION

We affirm the trial court's order with regard to the attorney fees for Haas because the trial court did not abuse its discretion by finding with regard to Haas that (1) $300 per hour was a reasonable hourly rate, (2) the number of hours expended was reasonable, and (3) there was no need to make an up or down adjustment to Haas's requested attorney fees for the services that Haas performed.[5] However, we reverse the court's order to the extent that it determined the number of hours expended by Haas's legal assistant was reasonable. On remand, the trial court shall carefully evaluate the hours billed by Haas's legal assistant and disallow hours expended on clerical tasks. The trial court shall also consider whether it was necessary to have a lawyer and a legal assistant "on the clock" during the hearings, and, if so, whether that time was primarily clerical or secretarial in nature or was instead the type of assistance contemplated under Article I, § 6 of the State Bar of Michigan Bylaws. See *Smith*, 481 Mich at 534.

---

[4] "In a fee dispute, the trial court should consider the language of the fee agreement to determine if the charged fees comport with the agreement." *Souden*, 303 Mich App at 416. Here, with regard to the legal assistant, the fee agreement only stated that the legal assistant's work would be billed "at a lower rate." We are troubled by the lack of specificity in this agreement. As written, the legal assistant could have sought $299.99 per hour and still been compliant with the terms of the agreement. MRPC 1.5(b) states "[w]hen the lawyer has not regularly represented the client, the basis or rate of the fee shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation." Again, we note that under certain circumstances, an award of attorney fees may include fees generated by a legal assistant. And, in this case, Haas's request for attorney fees included fees for time and labor performed by her legal assistant. Given that this is part of her request for attorney fees, the rate should have been communicated in writing to Mayer either before or shortly after the legal representation was commenced.

[5] Although not challenged on appeal, we see no error in the trial court's order disallowing Haas from collecting attorney fees in connection with her petition for attorney fees.

Affirmed in part and reversed in part and remanded for further proceedings. We do not retain jurisdiction. Neither party may tax costs, as neither party prevailed in full. MCR 7.219(A).

/s/ Jane M. Beckering
/s/ Michael J. Kelly
/s/ Colleen A. O'Brien