# STATE OF MICHIGAN

# COURT OF APPEALS

SYLVESTER VORUS,

        Plaintiff-Appellant/Cross-Appellee,

and

BRENDA VORUS,

        Plaintiff,

v

DEPARTMENT OF CORRECTIONS,

        Defendant,

and

RASOR LAW FIRM PLLC,

        Appellee/Cross-Appellant.

UNPUBLISHED
August 21, 2018

No. 338474
Wayne Circuit Court
LC No. 14-015766-CD

Before: SWARTZLE, P.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff Sylvester Vorus appeals as of right the trial court's order granting nonparty Rasor Law Firm PLLC (Rasor Law) an attorney's charging lien against the proceeds of the settlement in this matter and ordering payment to Rasor Law of $49,175.15. Rasor Law cross-appeals as of right, arguing that the trial court's award of fees was too low. For the reasons set forth below, we affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

Plaintiff retained Rasor Law to represent him in a lawsuit against his employer, defendant Michigan Department of Corrections. Jonathon Marko was employed by Rasor Law under an employment agreement and worked on plaintiff's case while at the firm. Marko left Rasor Law

-1-

and opened his own law firm, Ernst & Marko. Plaintiff then terminated his retainer with Rasor Law and brought his case to Ernst & Marko. Rasor Law filed an equitable lien in this matter to secure fees it claimed to be owed for its representation of plaintiff. Later, Ersnt & Marko helped plaintiff successfully settle the dispute. The parties disagree about how much work each firm performed, with Rasor Law claiming most of the work was done while plaintiff was a Rasor Law client and Marko claiming most of the work was done after plaintiff followed Marko to his new firm.

Marko filed a motion to extinguish Rasor Law's equitable lien, arguing in part that Rasor Law was not entitled to a lien because it had a legal remedy to seek recovery of the claimed fees. Rasor Law responded that it was entitled to an attorney's charging lien because Rasor Law and plaintiff had entered into a contingency-fee retainer agreement, giving rise to the lien to secure Rasor Law's fees in this matter. Rasor Law also argued that Marko's claims of misconduct were both untrue and irrelevant to the question of whether Rasor Law was entitled to compensation, and that the pending litigation did not involve the question of whether Rasor Law was entitled to fees. With its response to plaintiff's motion, Rasor Law submitted time records showing a total of 92.4 hours worked by Marko and others at the firm, with fees calculated in the amount of $17,994, before plaintiff ending his relationship with the firm. Rasor Law asserted that its billing software captures time "from everyone who works on a file" and that it is "contemporaneously recorded." Nowhere in the billings records submitted with Rasor Law's response, however, did any attorney but Marko have time recorded, save for an entry for time worked by a former attorney that was ultimately determined to be a "data entry error." Rasor Law also submitted with its response a list of costs totaling $1,601.92.

After hearing the parties' arguments, the trial court denied plaintiff's motion and reserved the issue of the amount of the lien for either a future evidentiary hearing or a ruling on the parties' pleadings. The trial court entered an order denying the motion to extinguish Rasor Law's lien and directing payment of litigation costs claimed by both firms. The trial court then ordered the parties to supplement their respective billing records, in particular, by identifying who performed which services that appeared on the bills submitted.

Rasor Law submitted a document identifying the professionals by name corresponding to their initials on its billing records. Plaintiff filed a supplemental brief attaching billing records of the Ernst & Marko firm documenting over 300 hours of time expended on the case. The trial court later held an off-the-record conference, after which it entered an order directing Rasor Law to submit documentation of any claimed additional tasks performed on this matter. The order gave plaintiff time to respond to any filing Rasor Law made, and set a date for another off-the-record conference.

Rasor Law filed a supplemental brief asserting that lawyers and other professionals spent an additional 172.3 hours on this matter. The attached documentation did not come from the firm's billing software, but from an Excel spreadsheet that Rasor Law manually prepared by reconstructing alleged time billed after the fact. While Rasor Law claimed the need to do so by criticizing Marko for not recording all the time he spent on this matter, Marko's allegedly unbilled time only accounted for 71 of the 172.3 newly claimed hours—the remaining 101.3 hours were for six other attorneys, including firm principal James Rasor, and several paralegals and law clerks. No explanation was offered for the failure of the other professionals to document

their time contemporaneously with the work completed. The billing records claimed an hourly rate of $650 for James Rasor.

Plaintiff filed a response objecting to Rasor Law's assertion of 172.3 additional hours, particularly the lack of any affidavits or other evidentiary support for the claimed fees and hourly rates. Plaintiff claimed that many of the fees were either excessive, duplicative, or outright fabricated, and that many of them were for clerical as opposed to legal services. Plaintiff argued that Rasor Law should receive, at most, compensation for 22 hours of the time recorded in the billing records attached to Rasor Law's initial response to plaintiff's motion to extinguish the lien.

The trial court held another off-the-record conference that essentially ended the fact-finding portion of these proceedings. The trial court did not hold an evidentiary hearing or conduct any further proceedings. Instead, the trial court entered a written opinion and order reaffirming its ruling that Rasor Law was entitled to compensation for its period of representing plaintiff and that Rasor Law was entitled to a lien. The trial court then turned to the question of whether Rasor was entitled to a fee calculated on *quantum meruit* as Marko argued or, as Rasor Law argued, to a portion of the entire contingent fee as set forth in the retainer agreement. The trial court, reasoning that "Marko did more on this file than deliver a settlement to Ernst & Marko," concluded "that the *quantum meruit* hourly formula for determining attorney fees more equitably addresses the risks assumed and work performed by [Rasor Law] than the contingent fee formula."

In reviewing the parties' dispute about the proper number of hours and amount of fees to compensate Rasor Law, the trial court began by emphasizing the lack of clarity in the documentation both parties provided:

> The parties challenge the Court in performing this calculation because of their respective record-keeping discrepancies. James Rasor's averments regarding the "sophisticated organization and reliability of the (Firm's) electronic files . . . and the billing . . . (that) is contemporaneously recorded . . ." paint a portrait of operational efficiency that the records do not support. Marko appears to have contributed to this problem by not properly billing all of his hours with the [Rasor] Firm.

In multiple places in its opinion, the trial court lamented the lack of clarity of the records, going as far as to write that they "lack[ed] definition," "mudd[ied] the water," and were "an acrimonious muddle confounded by often-unsupported information." It likened its task of resolving the dispute to being required to "untie this Gordian knot" while "lacking Alexander's sword." Ultimately, the trial court determined that just over 93 of the total 264.7 hours Rasor Law claimed were "not justified and shall be struck," but otherwise awarded Rasor Law compensation for 171.6 hours, amounting to a total compensation of $49,175.15 from the fees paid by plaintiff. The trial court, however, did not provide any factual explanation for its conclusion and did not evaluate whether the claimed hourly rates were appropriate. The trial court concluded by ordering Marko to pay Rasor $49,175.15 within seven days of the order, and by stating that the lien would be extinguished upon payment of that amount.

This appeal followed.

## II. ANALYSIS

"The decision whether to impose an attorney's lien lies within the trial court's discretion, and such decisions are reviewed for abuse of discretion." *Reynolds v Polen*, 222 Mich App 20, 24; 564 NW2d 467 (1997) (internal citation and quotation marks omitted). Likewise, we "review for an abuse of discretion a trial court's award of attorney fees and costs." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). "An abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006) (cleaned up).[1] Where the trial court selects from among the various reasonable and principled outcomes, it has not abused its discretion. *Id*.

*Rasor Law's Charging Lien*. An attorney's "special or charging lien is an equitable right to have the fees and costs due for services secured out of the judgment or recovery in a particular suit." *George v Sandor M Gelman, PC*, 201 Mich App 474, 476; 506 NW2d 583 (1993). "The attorneys' charging lien creates a lien on a judgment, settlement, or other money recovered as a result of the attorney's services." *Id*. Charging "liens automatically attach to funds or a money judgment recovered through the attorney's services." *Id*. at 477.

Here, there is no dispute that plaintiff was Rasor Law's client and that Rasor Law worked on plaintiff's case before Marko left the firm, taking plaintiff's case with him. This pre-departure work entitles Rasor Law to payment and entitles Rasor Law to secure payment for those services through a lien on plaintiff's settlement. Marko asserts, however, that "[a]n equitable lien cannot be imposed . . . if the proponent has an adequate remedy at law," *In re Estate of Moukalled*, 269 Mich App 708, 719; 714 NW2d 400 (2006). According to Marko, Rasor Law should not be able to assert the lien because it is already suing Marko for a number of claims, including the fees owed here.

Yet, the lien in this case secures fees *plaintiff* owes Rasor Law for its services under the retainer agreement. A separate civil suit between Marko and Rasor Law—a suit that does not involve plaintiff—cannot adequately secure plaintiff's obligation to Rasor Law. Moreover, a client has an absolute right to discharge a lawyer, and such a discharge is not a breach of contract. *Id*. at 330. Thus, despite Rasor Law's contract with plaintiff, because a client has an absolute right to discharge an attorney, our jurisdiction generally favors compensating the attorney outside of a breach-of-contract suit. See *Ambrose v Detroit Edison Co*, 65 Mich App 484, 491-492; 237 NW2d 520 (1975). Simply put, the charging lien is the recognized and prudent method to secure Rasor Law's entitlement to payment for its work on plaintiff's case.

---

[1] This opinion uses the new parenthetical (cleaned up) to improve readability without altering the substance of the quotation. The parenthetical indicates that non-substantive clutter such as brackets, internal quotation marks, alterations, and unimportant citations have been omitted from the quotation. See Metzler, *Cleaning Up Quotations*, 18 J App Pract & Process 143 (2017).

*Calculation of the Lien*. Having determined that Rasor Law is entitled to a charging lien on plaintiff's settlement, we must now determine whether the trial court employed the proper methodology in calculating the amount of the charging lien. As noted previously, the trial court determined that the *quantum-meruit* method of calculation was the most appropriate in this case. We agree. The general rule is that an "attorney on a contingent fee arrangement who is [discharged] is entitled to compensation for the reasonable value of his services based upon *quantum meruit*." *Reynolds*, 222 Mich App at 24.

Where we disagree with the trial court, however, is in its calculation of the *quantum-meruit* award. In calculating the award, the trial court multiplied Rasor Law's various hourly rates by the number of hours worked. There are several problems with this approach here. First, the trial court provided no analysis on the record of how it determined that Rasor Law's hourly rates were reasonable. See *Smith*, 481 Mich at 532. Next, with regard to the number of hours worked, despite several material discrepancies in the parties' documentation, the trial court never explained how it calculated the number of hours Rasor Law professionals worked on the case. Finally, this case involves a contingent-fee agreement. Where a contingent fee is expressly contemplated by the parties, it is inappropriate to calculate *quantum meruit* solely on the hours worked multiplied by a reasonable hourly fee. *Island Lake Arbors Condominium Assn v Meisner & Assoc, PC*, 301 Mich App 384, 401-402; 387 NW2d 439 (2013). Rather, in determining the proper amount of the award, the trial court must first determine the "cash value of the settlement." *Id.* at 402. Next, the trial court must "consider and compare the contributions to that recovery made by" the original and subsequent attorneys. *Id.* Once that determination is made, and relative percentages are assigned to each counsel's share of the workload, the trial court may then use those percentages to determine the amount of the settlement attributable to each counsel. *Id.* The trial court multiplies the cash value of the settlement attributable to each counsel by the counsel's respective contingent fee percentage to determine the amount each counsel is entitled to. *Id.*; see also *In re McInerney*, 528 BE 684, 693-695 (Bankr ED Mich, 2014) (reading *Island Lake* as concluding that "the method of calculation is for the fact finder to *determine what portion of the cash value of the settlement is attributable to the attorney's work, and apply the contractual contingency-fee percentage to that amount*"). Accordingly, we must vacate the award and remand this case to the trial court for a redetermination of the amount of the lien.

*Marko's Breach-of-Contract Claim*. Finally, Marko argues that the terms of his employment agreement with Rasor Law entitle him to a portion of the fee Rasor Law ultimately recovers here. The instant case, however, involves only Rasor Law's recovery from plaintiff. Marko is not a party to this suit, and his breach-of-contract claim is more appropriately handled in a separate lawsuit between Marko and Rasor Law.

Affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ Michael J. Kelly