*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ARLENE TRACEY MOORE formerly known as
ARLENE TRACEY WRIGHT,

       Plaintiff-Appellee,

v

STEPHEN M. RYAN,

       Defendant-Appellant.

UNPUBLISHED
December 12, 2019

No. 345170; 345402
Oakland Circuit Court
LC No. 2018-164743-CH

Before: RONAYNE KRAUSE, P.J., and CAVANAGH and SHAPIRO, JJ.

PER CURIAM.

In Docket No. 345170, defendant appeals as of right an opinion and order granting summary disposition to plaintiff entered August 3, 2018, in this action for quiet title. In Docket No. 345402, defendant appeals as of right a second opinion and order granting plaintiff summary disposition[1] entered September 5, 2018. We affirm, but we remand for further proceedings.

Defendant represented plaintiff in a divorce proceeding from 2000 until 2001. On October 10, 2001, the divorce court entered an amended consent judgment of divorce. Plaintiff was awarded a house located in Rochester Hills in the judgment of divorce. The judgment of divorce contains a provision concerning attorney's fees, which states:

> IT IS FURTHER ORDERED AND ADJUDGED that each party is to pay their respective attorneys' fees. Symantha Heath is awarded a lien for all of her attorney fees on all assets awarded to the defendant until she is fully paid.

---

[1] The trial court entered a second opinion and order because the first opinion and order could not be recorded with the register of deeds as it lacked a legal description of the real property at issue in this case. Even though there are two separate opinions and orders, the issue on appeal is the same in both cases.

Stephen M. Ryan is awarded a lien for all of his attorney fees on all assets awarded to the plaintiff until he is fully paid.

On or about October 23, 2001, defendant caused a lien to be recorded against plaintiff's Rochester Hills house. Plaintiff discovered the lien in 2017 when she tried to sell the house.

Upon discovering the lien, plaintiff asked defendant to remove the lien. Defendant refused and plaintiff filed this action for quiet title. Eventually, plaintiff moved for, and was granted, summary disposition. Defendant now appeals.

On appeal, defendant argues that the trial court erred when it granted plaintiff summary disposition because defendant's lien on plaintiff's real property was a valid statutory judicial lien rather than an improper attorney's charging lien. We disagree.

Although the trial court referenced both MCR 2.116(C)(9) and (C)(10) when granting plaintiff's motion for summary disposition, it considered the consent judgment of divorce which was not part of the pleadings. Thus, we consider the motion as having been granted under MCR 2.116(C)(10). See *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012). We review de novo a trial court's decision to grant a motion for summary disposition. *Lakeview Commons v Empower Yourself, LLC*, 290 Mich App 503, 506; 802 NW2d 712 (2010). A motion brought under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim and should be granted if, after consideration of the evidence submitted by the parties in the light most favorable to the nonmoving party, no genuine issue regarding any material fact exists. *Id*. If reasonable minds could differ on an issue, a genuine issue of material fact exists. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

This case is analogous to *Souden v Souden*, 303 Mich App 406; 844 NW2d 151 (2013). In *Souden*, an attorney fees provision was included in a judgment of divorce. *Id*. at 409. The provision stated that the attorneys who represented the divorcing parties

> shall retain a lien on his/her client's share of the marital assets to insure payment of the attorney fees. Should either party fail to pay his/her attorney, the attorney shall be entitled to proceed by virtue of the Judgment of Divorce, as a Judgment Creditor, to collect said sums with such remedies as are available to a Judgment Creditor in the State of Michigan. [*Id*. at 408-409.]

This Court addressed whether this provision gave the trial court power to "attach an attorney's charging lien to plaintiff's real property." *Id*. at 420.

Relying on *George v Sandor M Gelman, PC*, 201 Mich App 474; 506 NW2d 583 (1993), the *Souden* Court explained that "no attorney's charging lien may be imposed on a client's real estate, even if title to the real estate was established or recovered by the attorney's efforts, unless '(1) the parties have an express agreement providing for a lien, (2) the attorney obtains a judgment for the fees and follows the proper procedure for enforcing a judgment, or (3) special equitable circumstances exist to warrant imposition of a lien.' " *Souden*, 303 Mich App at 421, quoting *George*, 201 Mich App at 478. The *Souden* Court then noted that the express agreement contained in the stipulated divorce judgment "does not provide that the lien will be paid out of

real property, but only that each attorney retains 'a lien on his/her client's share of the marital assets . . . .' " *Souden*, 303 Mich App at 421. The *Souden* Court determined that "[t]his does not constitute an express agreement that the lien may attach to real property." *Id*. This was because even if the stipulated divorce judgment constituted " 'an express agreement providing for a lien,' " it did not constitute an express written contract " '*providing for such a lien*.' " *Id*., quoting *George*, 201 Mich App at 478.

The *Souden* Court then turned to the second prong under *George*, whether the attorney obtained a judgment for fees and followed the proper procedure for enforcing the judgment. *Souden*, 303 Mich App at 421-422. The Court noted that the attorney in *Souden* obtained a judgment, but that he had "not attempted to execute on that judgment or determined that plaintiff's personalty is insufficient to satisfy the amount." *Id*. at 422. Accordingly, the *Souden* Court concluded

> to the extent that the order of the trial court can be interpreted as attaching a lien to the real property of plaintiff, such a lien would be invalid under the circumstances as they currently exist. On remand, the trial court should be cognizant that, absent [the attorney] following the proper procedures to collect on a judgment, his charging lien may not attach to plaintiff's real property. [*Id*.]

In this case, as in *Souden*, the express agreement is contained in the consent judgment of divorce and creates a "lien for all of [defendant's] attorney fees on all assets awarded to the plaintiff until he is fully paid." The agreement does not provide that the lien will be paid out of real property. Accordingly, it "does not constitute an express agreement that the lien may attach to real property." *Id*. at 421. Thus, the consent divorce judgment is not an express agreement providing for such a lien on plaintiff's Rochester Hills house.

Furthermore, "in order to proceed against a debtor's real property under the second prong of *George*'s analysis, a creditor must obtain a judgment and execute it against the debtor's property" after first " 'attempting to execute against the debtor's personalty and determining that the personal property is insufficient to meet the judgment amount.' " *Id*., quoting *George*, 201 Mich App at 477. Defendant has not obtained a judgment or followed the process for executing a judgment under MCL 600.6004, and thus, fails to satisfy the second prong of the *George* analysis. Therefore, defendant's lien on plaintiff's Rochester Hills house is invalid.

Defendant argues that *George* is inapplicable to this case because the lien at issue here is a "statutory judicial lien"[2] rather than an attorney's charging lien because the lien was created by a judgment of divorce. This argument cannot survive this Court's analysis in *Souden*. In *Souden*, the lien was created by a judgment of divorce, yet this Court considered the lien to be a charging lien subject to a *George* analysis. Defendant does not address *Souden* in his brief on appeal and, therefore, does not argue that *Souden* was wrongly decided or somehow distinguishable from this case. Furthermore, the lien at issue here is not a lien on a specific piece

---

[2] Such a lien is permissible under MCL 552.13(1). See *Tyrrell v Tyrrell*, 107 Mich App 435, 438-439; 309 NW2d 632 (1981).

of real property and also fails to state how much was owed in attorney's fees. See *Wolter v Wolter*, 332 Mich 229, 236; 50 NW2d 771 (1952) ("An attorney fee of $300 shall be paid by defendant within 30 days from the date hereof the plaintiff's counsel; and unless paid before decree is entered, this item may be decreed to be a lien on the VanDyke avenue property."). Therefore, defendant's argument that his lien is a "statutory judicial lien" rather than an attorney's charging lien lacks merit.

Affirmed. However, we remand to the trial court for any further proceedings the trial court deems proper to resolve any remaining cloud upon plaintiff's title caused by defendant, including defendant's notice of lis pendens recently disclosed to this Court. We do not retain jurisdiction. Plaintiff, being the prevailing party, may tax costs. MCR 7.219(A).

/s/ Amy Ronayne Krause
/s/ Mark J. Cavanagh
/s/ Douglas B. Shapiro

-4-